In re the Marriage of Rick GRASER, petitioner, Respondent,

v.

Wanda GRASER, n.k.a. Wanda Yoemans, Appellant.

No. C8–86–308.

Court of Appeals of Minnesota.

Sept. 2, 1986.

Robert M.A. Johnson, Anoka Co. Atty., Michael A. Chmiel, Asst. Anoka Co. Atty., Anoka, for respondent.

Michael T. Kramm, Columbia Heights, for appellant.

Heard, considered and decided by RANDALL, P.J., and LANSING and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Wanda Yoemans (formerly Graser) appeals from a trial court order requiring her to pay $55 per month child support. We reverse and remand.

## FACTS

The parties' marriage was dissolved in 1983. Respondent Rick Graser was grant-

ed custody of the parties' two sons. Child support was reserved until such time as appellant Yoemans was no longer a full-time undergraduate student, or until further order of the court. The dissolution decree indicated that this reservation was in consideration of the award to Graser of his pension plan. Yoemans ceased her studies, and Graser moved for child support. Although eligible for legal aid, Yoemans was unable to obtain representation at the hearing due to confusion over whether she was eligible for a legal aid attorney from Anoka County, where the hearing was held, when she lived in Bemidji. Yoemans represented herself at the hearing. On appeal she is represented by Judicare of Anoka County.

Yoemans is employed part-time at McDonald's. She indicated that her earned net monthly income was $324.26 and that her expenses totaled $360 per month which included $80 per month for medical expenses. In referring to Yoemans' net income, the trial court deducted state and federal income tax and social security tax but not medical expenses.

The trial court found that Graser's net monthly income was $1,222.10 and that his spouse's net monthly income was $981.30. In its findings, the trial court stated that Graser "lists total household expenses of $2,089.26 per month." The findings do not attribute any portion of these expenses specifically to the children.

The trial court ordered Yoemans to pay monthly child support of $55. This amount represented 17% of her net stated income.

## ISSUE

Did the trial court abuse its discretion by awarding monthly child support of $55?

## ANALYSIS

### I.

■ This court will not reverse child support awards absent an abuse of discretion.

However, pursuant to *Moylan v. Moylan,* 384 N.W.2d 859 (Minn.1986) we must review the findings to determine if they support the trial court's award. Under *Moylan* the trial court is to make specific findings of fact showing that it actually considered all the factors relevant to setting child support. *Id.* at 865. Those factors include:

(a) The financial resources and needs of the child;

(b) The financial resources and needs of the custodial parent;

(c) The standard of living the child would have enjoyed had the marriage not been dissolved;

(d) The physical and emotional condition of the child, and his educational needs; and

(e) The financial resources and needs of the noncustodial parent.

Minn.Stat. § 518.17, subd. 4 (1984). *See Quaderer v. Forrest,* 387 N.W.2d 453, 456 (Minn.Ct.App.1986). Further, the trial court should consider the child support guidelines and recognize the four factors which they take into account. *See* Minn. Stat. § 518.551 (1984).

■ The trial court made no finding concerning the needs of the children. Findings on the total expenses of the household in which the children live are inadequate where, as here, the household includes a new spouse.

■ Perhaps even more importantly, the trial court did not actually determine the reasonable needs of the parties. Instead, it reiterated what each party claimed:

[R]espondent *listed* monthly expenses on an Income/Expense Statement totaling $379. * * * [P]etitioner *lists* total household expenses of $2,089.26 per month in his affidavit.

(Emphasis added.) Upon remand the trial court should make its own determination of the amount of each party's expenses, bearing in mind which expenses are reasonable and necessary for basic living. *See Scott v. Scott,* 352 N.W.2d 62 (Minn.Ct.App.1984)

(trial court must consider basic living expenses of children and each parent—housing costs, food, and medical expenses).

We recognize that the *Moylan* decision was issued some weeks after the trial court's order, but find it to be controlling. Inasmuch as the findings here do not meet the stringent *Moylan* requirements, we must remand.

## II.

■ The trial court apparently accepted Yoemans' undocumented claim that she incurs approximately $80 per month for medical treatment of injuries because the court included the expense in its "finding" of Yoemans' total expenses. Nevertheless, the court did not deduct the medical expense from gross income before applying the guidelines.[1] Minn.Stat. § 518.551, subd. 5 (1984) defines net income as "total monthly income less * * * Cost of Individual Health/Hospitalization Coverage or an Equivalent Amount for Actual Medical Expenses." Upon remand, the trial court's findings should reflect consideration of and a determination regarding Yoemans' claimed medical expenses.

## III.

■ Finally, on remand the trial court in setting an appropriate child support level should consider the costs of transporting the children from Anoka County to Bemidji for visitation. Visitation costs may justify departure from the guidelines. *Meyer v. Meyer*, 346 N.W.2d 369, 372 (Minn.Ct.App.

1984). At the hearing, Yoemans argued that a $55 support obligation and basic living expenses that exceed her income would prevent her from assuming the expense of transporting her children to visitation.[2] She further argued that lack of visitation would interfere with the parent-child relationship.

We recognize that Yoemans did not document visitation expenses or list them in her "income/expense statement." However, the best interests of the minor children require that the trial court recognize the importance to them of a strong and nurturing parent-child relationship. The trial court should give consideration to reasonable visitation expenses necessary to promote this goal.

## DECISION

This matter is remanded for findings pursuant to *Moylan*. Upon remand the trial court should also consider appellant's reasonable medical and visitation expenses.

Reversed and remanded.

RANDALL, J., dissents.

RANDALL, Judge (dissenting).

I respectfully dissent. I would have affirmed the trial court's order requiring appellant to pay $55 per month child support.

The majority agrees with the settled principle that a trial court's award of child support will not be reversed absent an abuse of discretion. *See e.g. Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984)

---

1. When net income of the obligor is $400 or below (as is Yoemans') the guidelines provide for a support "order based on the ability of the obligor to provide support at these income levels." The trial court ordered that Yoemans pay support of 17% of her stated net income, the guideline amount for net income of $401–500. The dissent presents a mathematical argument that support at 12% or 14% as opposed to 17% of Yoemans' net income would make little "dollar difference" to her, and that "[i]t is difficult to see how an appellate court on review can get into a situation where $55 a month is too much as a matter of law, but perhaps $41.50 or $36.75

is not." While we recognize that to one whose net income is less than $400 per month $15–20 per month may not be a minimal amount, we do not seek to "fine tune the figure of $55 a month" as the dissent appears to argue. We do seek compliance with the requirements of *Moylan.*

2. The judgment and decree requires Yoemans to bear the costs of transportation for visitation unless Graser agrees to share them. Graser does not dispute that the parties have been unable to agree to share the costs.

(Modification of child support is the discretion of the trial court and will be reversed only for clearly erroneous conclusions against logic and facts on record). No one seriously contends that there is exactly one monetary figure which is perfect for child support, and that $1 more or $1 less is error. Trial courts are given discretion in calculating an appropriate amount, within a range of reasonableness.

The trial court computed support for one child based on the figure of 17% of appellant's net income. The majority points out that technically the guidelines do not call for 17% until net income is between $401 and $500, and that appellant makes somewhat less than $401. The statute states that, under $401 net a month, the guidelines call for a support order based on the obligor's "ability" to pay. However, in nonpublic assistance cases, such as this, the guidelines are intended only as a starting point from which the trial court may deviate in exercising its discretion. *See Moylan v. Moylan*, 384 N.W.2d 859, 863 (Minn.1986). The guideline amount is only a factor to be considered by the trial court in computing original child support. *Id.* at 864. The trial court acted within its discretion to find, based on the evidence presented, that appellant had the ability to pay 17% of her monthly income in child support.

Even if we assume that the trial court should have used a percentage figure less than 17%, whether 12%, 14%, or 15%, the dollar difference to appellant would be minimal. Only 10% of her net take-home of $325 a month, yields a figure of $32.50, which is just $22.50 a month less than the trial court ordered. It is difficult to see how an appellate court on review can get into a situation where $55 a month is too much as a matter of law, but perhaps $41.50 or $36.75 is not.

Examining the record and taking into account what findings there were on appellant's income and expenses and respondent's income and expenses, I would have held that the $55 a month was within the range of a permissible amount of child support.

If we were trying the case *de novo* and had the opportunity to observe the witnesses, examine the exhibits, and question counsel and witnesses from the bench, it might be possible to fine tune the figure of $55 a month to something less or something more. As a court of review, I cannot. I would have affirmed the trial court.