**In re the Marriage of Sandra Jeanne LEWIS, Petitioner, Respondent,**

v.

**Donald William LEWIS, Appellant.**

**No. C0-87-653.**

Court of Appeals of Minnesota.

Aug. 18, 1987.

committing court to be mentally ill and dangerous to the public.
Minn.Stat. § 253B.15, subd. 1 (1986).

Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Theresa Farrell, Asst. Co. Atty., Minneapolis, for respondent.

Craig W. Thielke, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and NORTON and MULALLY,* JJ., with oral argument waived.

## OPINION

MULALLY, Judge.

Appellant appeals from a February 9, 1987 order confirming a referee's order of December 9, 1986 which: (1) denied appellant's request to reopen the parties' January 12, 1973 dissolution decree for purposes of relitigating the paternity of one of the parties' children; (2) increased appellant's weekly child support obligation from $35.00 per week to $80.00 per week and directed appellant place a child under his health insurance plan through his employment; and (3) determined appellant had support arrearages of $4,585. On appeal appellant claims:

(1) the trial court erred in denying his request to relitigate paternity;

(2) the modified support award is not supported by sufficient findings; and

(3) the arrearage award is in error.

We affirm as modified.

## FACTS

Appellant Donald Lewis and respondent Sandra Lewis were married in 1961 and divorced pursuant to a decree entered on January 12, 1973. During the marriage the parties had three children, the youngest, K.M., being born September 27, 1971. Under the 1973 decree appellant was ordered to pay respondent $35.00 per week in child support until the youngest child reaches age 21, has become emancipated or self-supporting.

In October 1986 respondent moved for an increase in child support and an order adjudging appellant in contempt for failure to pay support.[1] Subsequently, appellant moved to reopen the original decree to relitigate the paternity of K.M. and requested blood tests be ordered to determine the paternity of K.M. or alternatively, request-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

1. Respondent also requested the order:
   (1) direct the child support obligation be adjusted every two years to reflect the change in the cost of living;
   (2) provide for income withholding of the support obligation;
   (3) require appellant make periodic payments on arrearages through the date of the hearing in an amount not less than 20% of the support obligation by immediate income withholding;

(4) direct that if appellant should fall more than 45 days behind in any arrearage payment Hennepin County shall be entitled to enter judgment in favor of appellant for the outstanding balance of the total arrearages without further notice, by filing an affidavit with the clerk of the court setting forth the facts of the default;
   (5) direct all future support payments be made payable to Hennepin County Support and Collection Services.

ed the court reduce support to $100 per month and forgive arrearages accumulated in excess of the $100 per month obligation. The only document submitted in support of appellant's request to relitigate the paternity of K.M. was his affidavit which indicated that approximately four years after the divorce he learned that at the approximate time of conception of K.M. respondent had allegedly engaged in "repeated" intercourse with another partner.

The parties' motions came before a referee who issued findings and a recommended order on December 9, 1986 which:

    (1) denied appellant's request to reopen the original decree and relitigate paternity;

    (2) modified appellant's support obligation from $35.00 per week to $80.00 per week;

    (3) ordered appellant to place K.M. on his health insurance plan available through his employer or union; and

    (4) ordered appellant to pay $7.50 per week on the accrued arrearages which were calculated at $4,585 for the period of June 1, 1982 through December 5, 1986.

The referee's order was subsequently approved by a trial court judge.

The December 9 order found there had been a significant change of circumstances and the child support guidelines were applicable. The court found appellant has an average net income of $1550 per month and therefore would be subject to a child support order of $387.50. The court found the needs of the one remaining child at home, K.M., were in excess of $750 per month, including $200 per month in specialized medical care. Respondent's net income was $937 per month. The court determined appellant has the ability to contribute to the needs of the child and that the support obligation under the guidelines should be applied, but should be decreased by the amount necessary to afford medical insurance for the child.

Appellant subsequently sought Rule 53 review of the December 9 order. By order dated February 9, 1987 the December 9 order was affirmed.

## ISSUES

1. Did the court err in denying appellant's motion seeking relitigation of paternity?

2. Are there sufficient findings to support the increase in child support?

3. Did the court err in calculating support arrearages?

## ANALYSIS

### I.

There is no merit to appellant's claim that the court erred in denying his request to reopen the 1973 decree and relitigate the paternity of K.M. *Clay v. Clay,* 397 N.W.2d 571, 575 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. Feb. 17, 1987).

### II.

Appellant claims there are insufficient findings to support the increase in child support from $35.00 per week to $80.00 per week. A trial court has broad discretion when determining whether to modify child support and this court will not reverse the court's decision unless there has been a clear abuse of discretion that renders the order arbitrary, unreasonable or without evidentiary support. *Quaderer v. Forrest,* 387 N.W.2d 453, 455 (Minn.Ct.App.1986). In *Moylan v. Moylan,* 384 N.W.2d 859 (Minn.1986) the supreme court explained that the court's discretion in modifying support is limited by Minn.Stat. § 518.64, which requires the court examine the factors in the statute and determine whether one or a combination of the factors result in a substantial change in circumstances rendering the original support award unreasonable and unfair. *Id.* at 864. A court must examine and make express findings concerning the relevant statutory factors and find the terms of the original decree are "unreasonable and unfair." *Id.* at 865; Minn.Stat. § 518.551, subd. 5(b) (1986); *see generally Erickson v. Erickson,* 385 N.W.2d 301, 303 (Minn.1986); *Beede v. Law,* 400 N.W.2d 831, 835 (Minn.Ct.

App.1987); *Danielson v. Danielson,* 393 N.W.2d 405, 406, 407 (Minn.Ct.App.1986).

Here the court noted there had been a substantial change of circumstances and made findings concerning the present net income of the custodial and noncustodial parent and the present financial needs of the child. Although the court did not make a specific finding identifying one or a combination of the factors in Minn.Stat. § 518.-64 as making the terms of the original decree "unreasonable and unfair," here such a finding is inherent in the court's determination of increase in child support and placement of the child under appellant's health insurance plan. The court's findings are sufficient to support the modification of support.

## III.

Appellant claims the court did not properly calculate support arrearages. Respondent concedes that it appears the trial court did not give appellant credit for proof of payments of $700 and that appellant's arrearages from June 1, 1982 through December 5, 1986 were $3,885 and not $4,585 as calculated in the December 9, 1986 order. It appears the error probably resulted because of an error in an affidavit submitted by a Hennepin County payment counselor.

## DECISION

The trial court did not err in denying appellant's request to relitigate paternity. The trial court made sufficient findings in support of the modification of child support. The December 9, 1986 order is amended to reflect appellant's arrearages from June 1, 1982 through December 5, 1986 amount to $3,885 instead of $4,585.

Affirmed as modified.