**In re the Marriage of Sandra K. KUCHENMEISTER, Petitioner, Respondent,**

**v.**

**Daniel J. KUCHENMEISTER, Appellant.**

**No. C5–87–728.**

Court of Appeals of Minnesota.

Nov. 3, 1987.

Linda J. Gallant, St. Paul, for petitioner-respondent.

Patrice M. Rico, St. Paul, for appellant.

Heard, considered and decided by FOLEY, P.J., and PARKER and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from an order denying appellant's motion to vacate a default dissolution judgment, and from portions of the judgment itself. We affirm the order, reverse the property and child support portions of the judgment, and remand for more evidence and findings.

## FACTS

Sandra petitioned for dissolution in October 1985. Upon receiving Sandra's petition, Daniel consulted Thomas Wilson, an attorney representing him in a personal injury suit, but did not hire Wilson to represent him here. Wilson contacted Sandra's attorneys, the William Mitchell Law Clinic ("Clinic"), and relayed Daniel's settlement proposal. The Clinic, mistakenly believing Wilson represented Daniel in this case, served interrogatories on Wilson in late 1985, requesting information about Daniel's finances and employment. In January 1986, Wilson advised the Clinic he did not represent Daniel in the dissolution and that he had forwarded the interrogatories to Daniel.

Between February 18 and October 2, 1986, the Clinic sent Daniel five letters requesting responses to the interrogatories. Several letters specify, in plain English, the information and documents sought, such as state and federal tax returns for 1983–85, and workers' compensation documents. A letter from the Clinic dated May 21 states that since they have not received an answer to the summons and petition, they intend to proceed by default and obtain the relief requested in the petition; it also threatens to seek to have Daniel jailed for contempt for failing to answer the interrogatories. The only information Daniel provided in response to the interrogatories and letters was a 1985 W–2 form.

On November 6, 1986, the Clinic sent a letter notifying Daniel they were scheduling a final hearing to obtain a default decree. They filed a default note of issue the next day. Sandra testified in support of her petition at the default hearing on January 15, 1987. Daniel did not appear. The trial court signed findings of fact, conclusions of law, order for judgment, and judgment and decree, prepared by Sandra's attorney.

The judgment grants Sandra the relief requested in her petition, including all equity in the homestead. The parties were awarded the personal property in their possession. Each were responsible for debts incurred in their own names after the separation. Daniel was made responsible for all debts incurred before then.

Sandra was awarded legal and physical custody of the parties' only child, age 15. Daniel was ordered to pay child support of $150 per month, and required to maintain certain insurance for the child and Sandra.

Upon receiving the judgment, Daniel hired a lawyer and moved to vacate all portions of the default judgment except those dissolving the marriage and granting Sandra physical custody of their child. Daniel's supporting affidavit gives the following excuses for his default: He could not afford to hire a lawyer and believed he did not need one because he was not seeking much property; he did not understand the interrogatories and attempted to cooperate with the requests for information; he believed the Clinic was representing him as well as Sandra; based on the letters and phone conversations he believed as long as he cooperated he would receive a fair settlement; he did not understand a default judgment could be granted for his failure to answer; and he never received the notice of the default hearing.

Sandra's attorney's affidavit responds, in part:

> [I]n August, 1986, [I] * * * advised Mr. Kuchenmeister that it was absolutely essential that he provide all of the information requested. Your Affiant then waited until October. Having received no response, your Affiant then elected to proceed by default.
>
> Your Affiant did not at any time hint, suggest, indicate, or advise Mr. Kuchenmeister that your Affiant represented him. Rather, your Affiant advised Mr.

Kuchenmeister on the telephone that he could have his attorney contact us.

Daniel appeals from the order denying his motion to vacate and from portions of the judgment.

## ISSUES

1. Did the trial court abuse its discretion by denying Daniel's motion to vacate portions of the judgment?

2. Did the trial court abuse its discretion in its distribution of the parties' property?

3. Did the trial court abuse its discretion in its award of child support?

## ANALYSIS

### I.

■ In marital dissolution cases, a court may set aside a final judgment when it determines that such a judgment amounts to a fraud on the court and the administration of justice. *Lindsey v. Lindsey*, 388 N.W.2d 713, 716 & n. 1 (Minn.1986); *Schroetke v. Schroetke*, 365 N.W.2d 380, 383 (Minn.Ct.App.1985). A court may also vacate a dissolution decree when it is demanded by "the interests of justice." *Moir v. Moir*, 400 N.W.2d 394, 397 (Minn.Ct.App. 1987) (citing *Lindberg v. Lindberg*, 331 N.W.2d 479 (Minn.1983)); *see also Manore v. Manore*, 408 N.W.2d 883 (Minn.Ct.App. 1987). Neither standard is capable of precise definition, and whether relief is appropriate depends on the peculiar facts of each case.

■ The standard of review on a denial of a motion to vacate a default dissolution judgment is whether the trial court abused its discretion. *See Moir*, 400 N.W.2d at 397. In this case, the trial court did not abuse its discretion under either the "fraud on the court" or "interests of justice" standard.

The only basis Daniel asserts for his purported belief that he was represented by his wife's counsel is that when he called, they told him how to answer the interrogatories, and they never stated they were *not* representing him. This conduct does not justify vacating the judgment.

Nothing in the record suggests the Clinic in any way represented to Daniel that they were representing him; Daniel does not even allege this in his affidavit. The letters they sent him clearly indicate they were representing Sandra's interests as opposed to, not in addition to, his. For example, the letter dated May 21, 1986, threatens to have him jailed for contempt for refusing to cooperate. As late as October 2, 1986, the Law Clinic advised him by letter that they represented his wife and threatened to subpoena him and have him ordered to pay attorney's fees. Daniel knew what it meant to retain a lawyer: he hired one to represent him in his personal injury case.

The record shows that Sandra proceeded by default only after Daniel refused to cooperate. Daniel does not deny he failed to provide them with the requested tax returns, signed authorization for employment information or workers' compensation documents. Nor does he explain his failure; he does not claim he did not understand the letters. Also, nothing in the record, not even Daniel's affidavit, suggests the Clinic told him he would receive the settlement he wanted if he cooperated.

The trial court's finding that Daniel did receive the notice of default hearing is not clearly erroneous. He received all the other letters sent by the Clinic. Finally, Daniel's argument that he did not know he needed to file an answer to avoid a default, even if true, is not a sufficient basis for vacating the judgment.

### II.

■ In an appeal from a judgment where there has been no motion for new trial or amended findings, review is limited to whether the record supports the findings of fact and whether the findings support the conclusions of law and judgment. *Hartman v. Blanding's, Inc.*, 288 Minn. 415, 423, 181 N.W.2d 466, 470 (1970). Daniel argues the trial court did not make an equitable distribution of property, and its unequal distribution is not supported by its findings or the record. We agree that the

court's unequal distribution of property is not supported by adequate findings or the record.

Minn.Stat. § 518.58 (1986) requires a trial court to make a "just and equitable division of the marital property of the parties * * * after making findings regarding the division of the property." The court must base its findings on "all relevant factors," including those listed in the statute. *Id.* The lack of sufficient findings to support a property distribution is grounds for remand. *Roberson v. Roberson,* 296 Minn. 476, 477, 206 N.W.2d 347, 348 (1973).

■ Sandra was awarded virtually all the marital assets, most significantly the homestead. Daniel was awarded none of the marital equity in the homestead. This disparate award is not offset by an award of other property, and is not supported by the findings or record. Although a division of marital property does not have to be equal, it has to be equitable. *Ziemer v. Ziemer,* 386 N.W.2d 348, 350 (Minn.Ct.App. 1986), (reversing property distribution as inequitable because appellant was only awarded property in his possession and no part of marital homestead or respondent's pension), *pet. for rev. denied* (Minn. July 16, 1986).

The court valued the homestead at $45,-000, subject to a $7000 mortgage. There is no basis in the record for this valuation. Neither Sandra's petition nor her testimony addressed the homestead's value. At oral argument counsel stated that she placed the value in the proposed findings.

The court did make a finding that:

[Sandra] has been and is responsible for the majority of the improvements made to the homestead since the parties' separation in 1983.

Nothing in the record supports this finding, however.

Sandra argues the award was equitable because she is unemployed and has to support their child, while Daniel is employed. Nothing in the record suggests she is unemployable, and the court found she was not currently dependent on Daniel for financial support. Daniel was found to earn only $12,000 per year. Her needs relating to child support are reflected in the child support award.

■ Sandra argues, in effect, that Daniel cannot complain about the property distribution because he defaulted. Since his appeal from the judgment is timely, however, he can properly challenge the property distribution as being unsupported by the findings and record. *Cf. Roberson,* 296 Minn. at 477, 206 N.W.2d at 348 (remand required for adequate findings despite appellant's failure to move for amended findings).

We do not, by this opinion, find that an award of the majority of marital property to one spouse is never justified. However, the trial court's award to Sandra of nearly all the marital property in this instance has no support in the record or findings. We therefore reverse those portions of the judgment dividing the parties' property, and remand for an evidentiary hearing on this issue. On remand, the trial court shall make additional findings in accordance with Minn.Stat. § 518.58. Since we affirm the denial of his motion to vacate, however, Daniel shall not be permitted to introduce evidence on remand. If he were allowed to supplement the record, the effect would be the same as if we vacated the judgment.

### III.

Daniel argues the trial court's award of child support was not supported by sufficient findings. We agree.

■ In all nonpublic assistance child support cases, the trial court must make specific findings of fact as to the factors it considered in making the award. *Moylan v. Moylan,* 384 N.W.2d 859, 863 (Minn. 1986). Trial courts should use the statutory guidelines applicable in public assistance cases as "starting points" for determining child support awards in all cases. *Id.; see* Minn.Stat. § 518.551, subd. 5 (1986) (statutory guidelines). Whether deviating from or following the guidelines in such cases, courts must make findings reflecting consideration of the statutory factors of Minn.Stat. § 518.551, subd. 5(b) (1986).

*Scearcy v. Mercado,* 410 N.W.2d 43, 46 (Minn.Ct.App.1987); *Green v. Green,* 402 N.W.2d 248, 250 (Minn.Ct.App.1987).

The statutory factors are as follows:

(1) all earnings, income, and resources of the parents, including real and personal property;

(2) the financial needs and resources, physical and emotional condition, and educational needs of the child or children to be supported;

(3) the standards of living the child would have enjoyed had the marriage not been dissolved;

(4) the amount of the aid to families with dependent children grant for the child or children; and

(5) the parents' debts as provided in paragraph (c).

Minn.Stat. § 518.551, subd. 5(b) (1986).

The trial court found that Daniel's net monthly income in 1985 was $750, which is supported by Sandra's testimony that his income that year was $12,000. It ordered Daniel to pay child support of $150 per month, slightly more than the guidelines amount of $142.50.

The trial court made no findings on the second and third factors, however, and the record is silent as to those factors. We therefore remand for further evidence and findings on this issue. *See, e.g., Rieck v. Lambert,* 396 N.W.2d 269, 271 (Minn.Ct. App.1986).

 There is no merit to Daniel's complaint that the court erred in basing its award on his 1985 income, not on his current ability to pay. This was not error, because the court's finding was based on the only available evidence of his income, due to Daniel's default and failure to provide current information to Sandra.

Sandra argues child support is not an issue on appeal because she agreed below, and continues to agree, to have child support reviewed at the trial court level under the modification standards of Minn. Stat. § 518.64. Remand is appropriate, however, because the modification standards differ from the standards for initially determining child support. On remand,

Daniel will not be permitted to introduce evidence on this issue, for the reasons previously stated.

### DECISION

The order denying appellant's motion to vacate is affirmed. The portions of the judgment dividing the parties' assets and liabilities (paragraphs 12–15) are reversed and remanded, and the portion of the judgment awarding child support (paragraph 4) is remanded, for proceedings in accordance with this opinion. The various insurance requirements imposed on appellant are reversed and remanded for findings.

Affirmed in part, reversed in part and remanded.