In re the Marriage of Patricia A. MERRICK, Petitioner, Respondent,

v.

**William L. MERRICK, Appellant.**

**No. C7-88-2197.**

Court of Appeals of Minnesota.

May 23, 1989.

J. Derck Amerman, Minneapolis, for petitioner, respondent.

Emmett D. Dowdal, White Bear Lake, for appellant.

Heard, considered and decided by WOZNIAK, C.J., and FOLEY and NIERENGARTEN, JJ.

## OPINION

FOLEY, Judge.

William L. Merrick appeals from the order denying his motion for new trial in a marriage dissolution action. We reverse and remand for further findings.

## FACTS

William, age 41, and respondent Patricia A. Merrick, age 42, were married in 1970. They have three minor children, ages 16, 13, and 5. The parties' marriage was dissolved June 30, 1988. William and Patricia were awarded joint legal custody of the children, with Patricia having primary physical custody. William currently resides in Seattle, Washington; Patricia resides in Vadnais Heights.

Patricia is employed as a physical therapist. Her 1987 gross income was $31,444. William is employed as an engineer. His 1987 gross income was $40,737, and his 1988 gross income was $38,450.

William was ordered to pay child support of $859 per month, which represented 35% of his net take home pay based on his 1987 income. Child support will be reduced to 30% of his net take home pay when the oldest child reaches age 18 or graduates

from high school or is otherwise emancipated. When the second oldest child turns 18 or graduates from high school or is otherwise emancipated, child support will be reduced to 25% of his net take home pay at that time. William also was ordered to keep the children on his medical and dental insurance. Both parties were directed to split equally any uninsured medical bills incurred on behalf of the children.

Other assets were divided as follows. A pension plan at Carley Foundry, where William was formerly employed, was divided equally between William and Patricia, with each receiving $1,201.02. Real estate in Red Wing was sold for approximately $8,800, and $3,700 of that sum was divided equally between the parties. Patricia and William were directed to keep IRA accounts in their own names. Patricia was awarded stock in Carley Foundry and a 1981 automobile as nonmarital property. William was awarded two other vehicles. The findings of fact further note that Patricia feels responsible for repaying $2,500 of a $5,000 loan from William's parents, but that loan was not addressed in the trial court's conclusions of law.

The homestead of the parties was awarded to Patricia as her sole and exclusive property free from any claims of William, subject to a lien interest. William's lien is in the sum of $24,500 with interest at 6% per annum, and will be paid in full when the youngest child turns 18 or is otherwise emancipated, when Patricia remarries, or when she no longer uses the property as a homestead.

Additionally, each party was ordered to pay his or her own debts and tax liabilities. Neither party is to receive temporary or permanent maintenance.

On October 18, 1988, William filed an appeal seeking review of both the June 30, 1988 judgment and the September 15, 1988 order denying his motion for amended findings and his motion for new trial. This court dismissed as untimely the portion of the appeal seeking review of the judgment. This court also dismissed the portion of the appeal from the order denying the motion for amended findings as not appealable under *Kempf v. Kempf,* 287 Minn. 529, 177 N.W.2d 40 (1970). Jurisdiction was accepted over the portion of the order denying the motion for new trial.

### ISSUES

1. Did the trial court abuse its discretion in its award of child support?

2. Did the trial court err in its calculation of appellant's net income?

3. Did the trial court err in the division of property?

### ANALYSIS

William failed to assert specific grounds for his motion for new trial. Pursuant to our order of November 15, 1988, the motion should be characterized as claiming the findings are not justified by the evidence and the conclusions of law are contrary to law. *See generally Weikle v. Weikle,* 403 N.W.2d 682, 686 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. June 30, 1987). Appellate review is limited to the sufficiency of the findings to support the conclusions of law.

1. The trial court has broad discretion with regard to the division of property, allowance of alimony or maintenance, and provision for the custody and support of the children. *Rutten v. Rutten,* 347 N.W. 2d 47, 50 (Minn.1984). This court will not reverse a child support award absent an abuse of discretion. *Graser v. Graser,* 392 N.W.2d 743, 744 (Minn.Ct.App.1986).

■ Pursuant to the Minnesota Supreme Court decision in *Moylan v. Moylan,* 384 N.W.2d 859 (Minn.1986), this court must review the findings of fact to determine if they support the trial court's award. Under *Moylan,* the trial court must make specific findings showing that it actually considered all the factors relevant in determining child support. *Id.* at 865. The statutory factors to be considered are:

(1) all earnings, income, and resources of the parents, including real and personal property;

(2) the financial needs and resources, physical and emotional condition, and ed-

ucational needs of the child or children to be supported;

(3) the standards of living the child would have enjoyed had the marriage not been dissolved, but recognizing that the parents now have separate households;

(4) the amount of the aid to families with dependent children grant for the child or children;

(5) which parent receives the income taxation dependency exemption and what financial benefit the parent receives from it; and

(6) the parents' debts as provided in paragraph (c).

Minn.Stat. § 518.551, subd. 5 (1988).

William's motion challenges the trial court's conclusion on the child support award. He argues it was error for the court to arrive at the calculation of the amount awarded without making specific findings based on the statutory factors.

Meaningful appellate review is possible only when the trial court issues sufficiently detailed findings showing its consideration of all relevant factors. *Stich v. Stich*, 435 N.W.2d 52, 53 (Minn.1989). Here, the trial court made no findings as to the financial and educational needs and the physical and emotional condition of the children. Further, it made no findings as to the standard of living the children would have enjoyed had the marriage not been dissolved.

William also contends that the occupancy of the homestead by the custodial parent constituted a substantial non-cash contribution the trial court should have taken into consideration.

Homestead occupancy by the custodial parent is a factor to be considered because it is not listed as a factor the legislature considered in formulating the child support guidelines. * * * Were this factor to be ignored by the courts, an inequity would result between custodial parents awarded homestead occupancy and those who do not own a home * * *. This is not to say that the child support award must be reduced where the custodial parent is given occupancy of the family home. It is, however, a factor to be considered by the trial courts

on a case-by-case basis. All we require is evidence in the findings that this type of ordered noncash payment was taken into consideration in determining the appropriate child support award.

*Moylan*, 384 N.W.2d at 865–866. Again, the findings do not reflect consideration of this factor.

William further contends that the trial court should have considered visitation expenses when determining his support obligation. In *Graser v. Graser*, 392 N.W.2d 743 (Minn.Ct.App.1986), the appellant argued that her basic living expenses and the support obligation imposed by the trial court would prevent her from assuming the expense of transporting the children to visitation as required by the decree. We held that consideration should have been given to reasonable visitation expenses to promote a strong parent-child relationship. *Id.* at 745. Under the judgment and decree in this case, William is required to pay travel expenses incurred by the children, and these expenses should have been considered in setting an appropriate level of child support. We conclude that the findings in this case are insufficient to enable us to determine whether the trial court properly considered the relevant factors.

■ Patricia argues that the decision of this court in *Kuchenmeister v. Kuchenmeister*, 414 N.W.2d 538 (Minn.Ct.App. 1987), allows the appellate court to consider the entire record when no findings on the relevant factors are made. In *Kuchenmeister*, the appellant challenged the award of child support as not supported by sufficient findings. In remanding the case we stated:

The trial court made no findings on the second and third factors, however, *and the record is silent as to those factors.* We therefore remand for further evidence and findings on this issue.

*Id.* at 543 (emphasis added).

Another decision by this court appears to uphold a modification of child support through a reading of the record, although no specific findings were made by the trial court. In *Lewis v. Lewis*, 410 N.W.2d 88

(Minn.Ct.App.1987), the appellant challenged the trial court's order increasing his child support obligation as not supported by sufficient findings. There we stated that

> the court noted there had been a substantial change of circumstances and made findings concerning the present net income of the custodial and noncustodial parent and the present financial needs of the child. *Although the court did not make a specific finding identifying one or a combination of the factors in Minn.Stat. § 518.64 as making the terms of the original decree "unreasonable and unfair," here such a finding is inherent in the court's determination of increase in child support and placement of the child under appellant's health insurance plan.* The court's findings are sufficient to support the modification of support.

*Id.* at 91 (emphasis added).

Whether at the stage of initial findings or in a post trial modification proceeding, the requirement of *Moylan* that the trial court make specific findings is equally important.

> While the record may support a trial court's decision, it is nevertheless inadequate if that record fails to reveal that the trial court actually considered the appropriate factors. While we would agree that there are occasions where an appellate court can find support for a trial court's decision by an independent review of the record, such action is improper where, as here, it is unclear whether the trial court considered factors expressly mandated by the legislature.

*Moylan*, 384 N.W.2d at 865 (citations omitted). Trial courts have broad discretion in child support matters, and effective appellate review can be accomplished only with sufficiently detailed findings on the appropriate factors. A de novo review of the record by this court is inappropriate. *See also Sefkow v. Sefkow*, 427 N.W.2d 203 (Minn.1988) (a de novo review of the record by the court of appeals in a child custody proceeding held to exceed the scope of review of the appellate court). To be consistent with *Moylan* and *Stich*, we no longer follow *Kuchenmeister* and *Lewis* to the extent these decisions may suggest that a review of the record by the appellate court will substitute for a trial court's failure to make specific findings.

■ 2. William's motion for new trial also challenges the finding on the determination of his net income. The trial court calculated his net income based on his 1987 tax return. He contends that this calculation failed to take into account a 1987 tax liability of $3,199 and in addition should have been based on his 1988 income.

Current net income must be determined for purposes of setting child support. *Thomas v. Thomas*, 407 N.W.2d 124, 127 (Minn.Ct.App.1987). In *Thomas*, the husband's 1985 tax return had been used to determine his income. We held that since the figures for the first half of 1986 were available, they should have been considered. *Id.* Here, William submitted check stubs dating from 1–21–88 through 6–9–88. Under *Thomas*, the figures on William's 1988 income should have been used in this calculation.

■ With regard to William's contention that his tax liability of $3,199 should be used to offset his income, we are cited to no authority supporting this view. This liability does not fall within the statutory tax deductions allowed under Minn.Stat. § 518.551, subd. 5(a) (1988). The trial court properly treated the tax liability as personal debt.

3. Finally, William contends the trial court erred in its division of property. Specifically, he argues that the court's division of nonmarital assets was not supported by the evidence and that the court did not properly account for all of the marital property and debts.

■ The burden of establishing the nonmarital character of an asset acquired during the marriage is on the party claiming the asset as nonmarital. Minn.Stat. § 518.54, subd. 5 (1988); *Dorweiler v. Dorweiler*, 413 N.W.2d 572, 575 (Minn.Ct.App. 1987).

The trial court determined that the Carley stock and the 1981 Omega automobile awarded to Patricia were nonmarital assets. Patricia testified at trial that these asets were given to her by her parents, and this testimony was not disputed. We do not disturb these findings.

With regard to the division of the marital property, William contends the trial court did not account for approximately $5,100 from the sale of the Red Wing property. He argues this amount was to be used to repay a loan from his parents. Patricia contends she used this amount to make house payments at a time when she was not receiving child support. Because these proceeds were not specifically considered by the trial court in its findings and conclusions, we remand for reconsideration.

We also remand for reconsideration of the trial court's finding regarding repayment of the $5,000 borrowed from William's parents, as the trial court's conclusions of law did not dispose of this finding.

## DECISION

We reverse and remand for further findings as required by *Moylan*.

Reversed and remanded.