COUNTY OF MORRISON, on Behalf of Jill Susan GUTZMAN, Respondent,

v.

Allen Todd WATLAND, Appellant.

No. C8–89–517.

Court of Appeals of Minnesota.

Nov. 14, 1989.

Douglas P. Anderson, Rosenmeier, Anderson & Vogel, Little Falls, for respondent.

Stephen C. Rathke, Charles P. Steinbauer, Borden, Steinbauer, Rathke & Krueger, Brainerd, for appellant.

Heard, considered and decided by SHORT, P.J., and FOLEY and LOMMEN *, JJ.

## OPINION

FOLEY, Judge.

This is an action for child support after admission and adjudication of paternity of handicapped minor child. Allen Todd Watland, the father, who is alleged to have self-limited and sheltered income, appeals from trial court's upward departure from statutory child support guidelines and order that he pay uninsured medical and dental expenses. We reverse and remand for further findings.

## FACTS

Respondent County of Morrison brought this action for Jill Susan Gutzman under Minn.Stat. § 257.51–257.74 (1988), to determine paternity and custody of a minor child and for child support. Watland was adjudicated the father upon admission. Watland appeals from a December 21, 1988 judg-

ment setting his child support obligation at $400 per month and obligating him to pay uninsured medical and dental expenses of the minor child.

The child of Gutzman and Watland, born October 21, 1985, is a Down Syndrome child with many medical problems. The trial court found she will incur higher than normal medical costs. There is no dispute that Gutzman has been unable to obtain private health insurance for the child. Shortly before the trial court proceedings, coverage was obtained through a public medical assistance program for the handicapped. Application for coverage must be made anew every year. At the time of the hearing, the extent of coverage was unknown.

Gutzman testified that her net income from wages is $350 every two weeks and her monthly expenses are $1,723.42. She has two other children for whom she receives child support.

The trial court computed Watland's net monthly income in 1987 to be $1,106.50. The trial court apparently based its calculations on Watland's income tax return for 1987. The trial court's calculations were net wages ($19,271) plus state and federal tax refunds ($587 and $277) less losses on a duplex rental ($2,520) and a real estate partnership ($4,337), for net annual income of $13,278. The trial court found Watland's monthly living expenses to be $1,037.

Using the Minn.Stat. § 518.551 (1988) child support guidelines, the trial court found Watland's child support obligation would be $276.50 per month. The trial court, however, concluded Watland's child support obligation should be $400 per month

> Based upon all of the earnings, income, and resources of [Watland], even though they may not come to fruition within the immediate future, and based upon the special physical, mental and emotional needs of the child * * *.

The trial court also concluded Watland should pay any uninsured medical and dental expenses of the child.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

The trial court found as follows. Watland is employed as the manager of a Kentucky Fried Chicken franchise in Little Falls owned by his mother and brother. He receives a car allowance and payment of his car insurance through the family business. He owns a 20% interest in another Kentucky Fried Chicken franchise in Brainerd that had taxable income in 1987 of $26,945. Watland also has a one-third partnership interest in three rental properties. He owns a home (a duplex) with a rental unit. Of the $2,520 and $4,337 rental and partnership losses claimed on Watland's tax return, about $2,775 was for depreciation which does not directly decrease his cash flow.

## ISSUE

Do the findings of the trial court support its conclusions that child support should be set in an amount upwardly departing from the statutory guidelines and that Watland should pay uninsured medical and dental expenses?

## ANALYSIS

◼ The trial court has broad discretion with regard to child support and an appellate court will reverse for an abuse of discretion only where it finds a "clearly erroneous conclusion that is against logic and the facts on record." *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984). This discretion must be exercised, however, within the limits set by the legislature. *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986). The legislative mandate is that:

(b) In addition to the child support guidelines, the court shall take into consideration the following factors in setting or modifying child support:

(1) all earnings, income, and resources of the parents, including real and personal property;

(2) the financial needs and resources, physical and emotional condition, and educational needs of the child or children to be supported;

(3) the standards of living the child would have enjoyed had the marriage not been dissolved, but recognizing that the parents now have separate households;

(4) the amount of the aid to families with dependent children grant for the child or children;

(5) which parent receives the income taxation dependency exemption and what financial benefit the parent receives from it; and

(6) the parents' debts as provided in paragraph (c).

\*　　\*　　\*　　\*　　\*　　\*

(e) *The* above *guidelines are binding* in each case *unless the court makes express findings of fact as to the reason for departure* below or above the guidelines.

Minn.Stat. § 518.551, subd. 5 (emphasis added).

◼ In fact, in all child support cases not involving public assistance the trial court must make specific findings of fact as to the factors it considered regardless of whether the child support award departs from the guidelines. Findings are necessary to support a judgment and to aid the appellate court by providing a clear understanding of the grounds for the decision. *Moylan,* 384 N.W.2d at 863. Meaningful appellate review is possible only when the trial court makes sufficiently detailed findings showing consideration of all relevant factors. *Stich v. Stich,* 435 N.W.2d 52, 53 (Minn.1989); *Merrick v. Merrick,* 440 N.W.2d 142, 145 (Minn.Ct.App.1989).

◼ While it sometimes might be proper for an appellate court to independently review the record to find support for a trial court's decision, *see Bowman v. Brooklyn Pet Hospital,* 311 Minn. 526, 247 N.W.2d 424 (1976), it is not proper to review the record if it is not clear that appropriate factors were considered. *Moylan,* 384 N.W.2d at 865. In *Merrick,* this court held that *Kuchenmeister v. Kuchenmeister,* 414 N.W.2d 538 (Minn.Ct.App.1987), and *Lewis v. Lewis,* 410 N.W.2d 88 (Minn.Ct.App.1987), would no longer be followed to the extent they might suggest that appellate review of the record will substitute for

a trial court's failure to make specific findings. *Merrick*, 440 N.W.2d at 146.

Furthermore, earning capacity is not an appropriate measure of income unless it is impracticable to determine an obligor's income or the actual income is unjustifiably self-limited. *Beede v. Law*, 400 N.W.2d 831, 835 (Minn.Ct.App.1987). While tax returns may alone be insufficient to determine income, *Knott v. Knott*, 358 N.W.2d 493, 496 (Minn.Ct.App.1984), and it may not be easy to estimate income with accuracy, the trial court must make more than a guess. *Otte v. Otte*, 368 N.W.2d 293, 297 (Minn.Ct.App.1985).

A review of the record shows there may be support for findings that Watland has self-limited his income and/or that his income tax return is not an accurate reflection of his income. *See Marx v. Marx*, 409 N.W.2d 526 (Minn.Ct.App.1987).[1] The record may also support a finding of duplication of "basic living needs" due to Watland's car allowance and paid-for car insurance. *See Martin v. Martin*, 364 N.W.2d 475, 478 (Minn.Ct.App.1985). Nonetheless, the necessary specific findings were not made.

Finally, Watland objects to being charged with paying uninsured medical and dental expenses. The trial court did not make findings as to the statutory factor which includes the child's financial condition. Indeed, there are no findings as to the child's financial condition or availability of insurance. As noted above, these findings must be made.

### DECISION

Reversed and remanded.

---

1. *Marx* is reported at 70 A.L.R.4th 163 (1989). The annotation which follows, *Divorce and Separation: Attributing Undisclosed Income to Parent or Spouse for Purposes of Making Child or Spousal Support Award*, is a useful guide for analysis of these issues.