**In Re the Marriage of Timothy B. McNULTY, Appellant,**

v.

**Marianne McNULTY, Respondent.**

**No. C8–92–1841.**

Court of Appeals of Minnesota.

Feb. 9, 1993.

Review Denied April 12, 1993.

James C. Whelpley, Twin City Attys., P.A., Roseville, for appellant.

Ronald J. Riach, Franke & Riach, P.A., Roseville, for respondent.

Considered and decided by LANSING, P.J., and SCHUMACHER and HARTEN, JJ.

## OPINION

HARTEN, Judge.

Appellant Timothy B. McNulty challenges a $1,850 per month child support order as an improper upward departure from the presumptive ceiling of Minn.Stat. § 518.551, subd. 5(a) (Supp.1991). We affirm.

## FACTS

The parties' marriage was dissolved by judgment on March 9, 1989. Appellant is a salesman who earns significant sales commissions. Respondent Marianne McNulty is remarried and has not been employed. Respondent was awarded $1,000 per month rehabilitative maintenance. Appellant was awarded primary physical custody of the parties' son and daughter. The parties were awarded joint legal custody; child support was reserved.

The parties thereafter informally agreed that their daughter, M.M., would live with respondent and that the $1,000 maintenance payment would be used to support M.M. Appellant also began voluntarily paying respondent an additional $800 per month for M.M.'s needs.

The parties' son is now emancipated. M.M., age 14, is enrolled in a private high school with an annual tuition of approximately $5,000. She is involved in many extracurricular activities such as music and dance lessons, and summer camps. M.M. also incurs incidental expenses for school, including uniforms, transportation, and lunches.

In January 1992, respondent moved, unopposed, to modify M.M.'s physical custody. Respondent also moved to formally establish child support at $1,800, alleging that M.M.'s enrollment in school and participation in extracurricular activities were jeopardized when appellant delayed the voluntary $800 payments. The motion was submitted to the trial court on the parties' affidavits.

The trial court granted respondent's motion, modifying custody and establishing child support at $1,850 per month. Appellant challenges only the establishment of child support in excess of $1,000 per month.

## ISSUE

Did the trial court abuse its discretion in upwardly departing from the presumptive child support ceiling of Minn.Stat. § 518.-551, subd. 5(a)?

## ANALYSIS

A trial court has broad discretion in determining child support and will be reversed for abuse of discretion only if there is a "clearly erroneous conclusion * * * against logic and the facts on record." *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984). Detailed findings by the trial court on the relevant statutory factors are necessary for proper appellate review. *Merrick v. Merrick*, 440 N.W.2d 142, 144 (Minn.App.1989).

Appellant argues that the upward departure was an abuse of discretion. *See* Minn.

Stat. § 518.551, subd. 5(a) (Supp.1991) (guideline support of one child for obligor with monthly net income of $4,001 or more same as dollar amount for obligor with $4,000 income). By virtue of section 518.-551, subdivision 5(a), "the legislature has effectively declared that a child's needs are normally not higher than [guidelines' ceiling]." *State v. Hall*, 418 N.W.2d 187, 190 (Minn.App.1988) (improper to use child support to "upgrade" obligee's standard of living), *pet. for rev. denied* (Minn. May 4, 1988).

Minn.Stat. § 518.551, subd. 5(h) (Supp. 1991) requires written reasons if a court deviates from the guidelines, including findings as to the criteria in Minn.Stat. § 518.551, subd. 5(b) (Supp.1991). Those criteria include the parents' income and resources, the child's financial and educational needs, and the child's standard of living. Minn.Stat. § 518.551, subd. 5(b).

The trial court found that: (1) M.M. is enrolled in a private high school and is involved in extracurricular activities requiring "significant economic resources;" (2) appellant had financially supported, and intended to continue supporting M.M.'s extracurricular activities; (3) M.M.'s expenses are approximately $2,000 per month; (4) respondent is unemployed and has not worked professionally for ten years; (5) appellant's 1991 gross annual income from sales commissions was $158,996.61; (6) among appellant's claimed monthly expenses, his expenses for supporting M.M. exceed $1,800; (7) M.M.'s standard of living "over the years" exceeds the presumptive guideline amount; (8) M.M. would have enjoyed her accustomed standard of living had the parties remained married; and (9) departure from the guidelines and continuation of M.M.'s standard of living are in her best interests.

Beyond the statutory context, supposed similarities between this case and *Hall* are absent. In contrast to *Hall*, the standard of living M.M. would have enjoyed had the marriage not dissolved is relevant. *See*

Minn.Stat. § 518.551 subd. 5(b)(3). Unlike *Hall*, respondent seeks to sustain, rather than upgrade, M.M.'s standard of living.

■ At oral argument, appellant conceded he could afford to pay the ordered support. However, he argues, for the first time on appeal, that the ordered support will interfere with his relationship with M.M. by discouraging voluntary expenditures for M.M. previously made during such activities as mutual shopping and skiing trips. In short, appellant does not object to paying $1,850 per month support for his daughter; rather, he objects to having the support formalized beyond his control and discretion, and made payable to respondent. We cannot find an abuse of discretion in something that was never presented for the trial court's consideration, however. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (appellate review limited to matters put before and considered by trial court).

Appellant also urges that our affirmance would do mischief by creating disincentive for obligor parents to voluntarily spend beyond levels of ordered support. He asserts that such spending would create heightened expense or need levels that might, in turn, translate into de facto support modification. We reject this argument for two reasons.

First, courts generally disfavor inequitable opportunism. Undoubtedly most obligor parents make direct casual expenditures for their children during visitation periods. In our view, such random expenditures during visitation are not a basis for establishing or modifying support. Second, the circumstances of this case are unique. Appellant's support expenditures were regular, ongoing, and dedicated to M.M.'s existing needs and monthly expenses. The payments did not create, but rather, continued M.M.'s accustomed standard of living.

After consideration of the facts of this case under the relevant statutory factors, we hold that the trial court's upward departure was a proper exercise of discretion. We anticipate that the vitality of appellant's relationship with his daughter will

continue unaffected by this ruling. Appellant's request for costs and disbursements on appeal is denied.

## DECISION

The trial court properly exercised its discretion in upwardly departing from the child support guidelines ceiling under the circumstances of this case.

Affirmed.