In re the Marriage of Ronald A.
**BORCHERDING, Petitioner,**
**Respondent,**

v.

**Cindy M. BORCHERDING, n/k/a**
**Cindy M. Kauffman, Lower**
**Court Respondent,**

**Freeborn County Department of**
**Human Services, Appellant.**

No. C9–96–2182.

Court of Appeals of Minnesota.

July 1, 1997

of the officer and the public and hinder officers in the performance of their duties.

Richard N. Davies, Peterson, Savelkoul, Schlichting & Davies, Ltd., Albert Lea, for Respondent Ronald A. Borcherding.

Cindy M. Kauffman, Brownsdale, pro se.

Craig S. Nelson, Freeborn County Attorney, Erin M. O'Brien, Assistant County Attorney, Albert Lea, for Appellant Freeborn County.

Considered and decided by NORTON, P.J., and PETERSON and AMUNDSON, JJ.

## OPINION

NORTON, Judge.

Appellant argues that the administrative law judge (ALJ) abused her discretion in: (1) allowing respondent a deduction for actual medical expenses when calculating his net income for child support purposes; and (2) setting the effective date of the modified support order. The ALJ's deduction of appellant's actual medical expenses for his subsequent family was improper. We remand this issue only and order that the record be opened for the purpose of finding the proper allocation of actual medical expenses between the obligor and his subsequent family. We affirm in part and reverse and remand in part.

## FACTS

The marriage of Cindy M. Borcherding (mother) and respondent Ronald A. Borcherding (father) was dissolved on January 12, 1983. The parties have two children born to their marriage. The dissolution decree granted sole physical custody to mother and provided that father pay $182.13 per month in child support. In March 1993, father's child support obligation was modified to $239.20 per month.

In October 1995, mother contacted appellant Freeborn County Department of Human Services (Freeborn County) to request a review of father's child support obligation. Pursuant to Minn.Stat. § 518.551, subd. 5(b) (1996), Loretta Schewe, Freeborn County Child Support Officer, calculated father's net monthly income to be $1,276.81, after allowing deductions for federal and state taxes, social security, pension, uniforms, and $211.19 per month for dependent health insurance. After an administrative conference, Schewe recalculated father's net income at $1,190.20, based on a larger pension deduction.

At the contested administrative hearing on the remaining issues surrounding Freeborn County's proposed child support modification, father argued that Schewe's calculation of his net income was erroneous because it did not account for the increased cost of dependent health insurance, $225.40 per month, or his expenditures for actual medical costs of $225 per month. Father alleged that he was entitled to a deduction for actual medical expenses because he has a $250 deductible on his medical insurance policy, a copayment of 20% after the deductible is met and, unreimbursed medical expenses for himself and his subsequent family totalling $3,141.92 for one year. At the hearing, Schewe recalculated father's net income at $1,243.80, accounting for increased dependent health insurance expense and increased salary.

The ALJ issued an order modifying father's child support obligation to $305.28 per month based on its finding that father's net monthly income was $1,243.80 minus an additional deduction of $225.40 per month for dependent health insurance. The ALJ later amended the findings providing that the additional $225 deduction represented actual medical expenses, not dependent health insurance.

## ISSUES

1. Did the ALJ abuse her discretion in allowing a deduction for actual medical expenses when determining father's net income?

2. Did the ALJ abuse her discretion in setting the effective date of the modified support order?

## ANALYSIS

 Freeborn County alleges that the ALJ abused her discretion in determining father's child support obligation. "Traditionally, a child support modification ruling is disturbed on appeal only if the trial court abused its discretion." *Lee v. Lee,* 459 N.W.2d 365, 368 (Minn.App.1990), *review denied* (Minn. Oct. 18, 1990). Like a trial court, an ALJ's child support modification ruling is reviewed under the abuse of discretion standard. *Id.* at 368–69.

### 1. Actual Medical Expense Deduction.

 Freeborn County argues that, when calculating father's net income for child support purposes, the ALJ erroneously included a deduction of $225 for actual medical ex-

penses. A calculation of net income will not be disturbed on appeal if it has a reasonable basis in fact. *Strauch v. Strauch*, 401 N.W.2d 444, 448 (Minn.App.1987). The statute defines an obligor's net income as total monthly income minus:

 (i) Federal Income Tax

 (ii) State Income Tax

 (iii) Social Security Deductions

 (iv) Reasonable Pension Deductions

 (v) Union Dues

 (vi) Cost of Dependent Health Insurance Coverage

 (vii) Cost of Individual or Group Health/Hospitalization Coverage or an Amount for Actual Medical Expenses

 (viii) A Child Support or Maintenance Order that is Currently Being Paid.

Minn.Stat. § 518.551, subd. 5(b) (1996).

■ Freeborn County contends that the deduction for "actual medical expenses" in section 518.551, subdivision 5(b)(vii), applies only to actual medical expenses of the obligor and any child supported by the child support order. We agree. A majority of the actual medical expenses that father incurred were for his subsequent wife, Kathy, and their daughter, M.:

| | |
|---|---|
| Medications | $218.48 (M. & Ronald) |
| U of M Hospital | 300.00 (Kathy) |
| Faribault Clinic | 600.00 (Kathy, M. & Ronald) |
| Dr. Dresher | 851.00 (Kathy) |
| Dr. Peterson | 890.00 (Kathy & Ronald) |
| Miscellaneous | 15.99 (M.) |
| Mayo Clinic | 266.45 (M.) |

In allowing a deduction for actual medical expenses of father's subsequent family, the ALJ violated the principle that subsequent children are not to be factored into a child support guidelines calculation. *See Erickson v. Erickson*, 385 N.W.2d 301, 304 (Minn.1986) ("[c]hildren by a subsequent marriage, while relevant to a trial court's decision, are not to be factored into the child support guideline tables * * * "); *Lenz v. Wergin*, 408 N.W.2d 873, 877–78 (Minn.App.1987) (holding that trial court erred by considering expenses of obligor's subsequent wife and child in determining that obligor's financial needs had substantially increased). Indeed, cases allowing a deduction for actual medical expenses have limited the deduction to expenses incurred by the obligor or children covered by the child support order. *See Bartl v. Bartl*, 497 N.W.2d 295, 299 (Minn.App.1993) (holding that, under Minn. Stat § 518.551, subd. 5(b)(vii), actual medical expenses of obligor's children under child support order must be deducted when determining net monthly income); *Graser v. Graser*, 392 N.W.2d 743, 744–45 (Minn.App.1986) (holding that, under Minn.Stat. § 518.551, subd. 5(b)(vii), actual medical expenses of obligor may be deducted when determining net monthly income).

■ Father has failed to meet his burden of delineating which actual medical expenses are for himself and which are for his subsequent family. Therefore, the ALJ abused her discretion by allowing father a $225 monthly deduction for actual medical expenses. This error is exacerbated by the fact that the $225 deduction lacks a reasonable basis in fact. The record contains no evidence that father will generate actual medical expenses of $225 per month indefinitely. Indeed, father's medical insurance deductible is only $250 per year with a 20% copayment after the deductible is met. We reverse, remand, and order that the record be opened on this issue so that the actual medical expenses of father and his subsequent family may be properly apportioned.

## 2. Effective Date of the Support Order.

■ Freeborn County alleges that the ALJ abused her discretion by not making the child support modification retroactive to February 1, 1996, the date of the first administrative conference. The trial court, or in this case the ALJ, has broad discretion to set the effective date of a modified child support obligation. *Finch v. Marusich*, 457 N.W.2d 767, 770 (Minn.App.1990). Minn.Stat. § 518.64, subd. 2(c) (1996) provides:

> A modification of support or maintenance may be made retroactive only with respect to any period during which the petitioning party has pending a motion for modification but only from the date of service of notice of the motion on the responding party * * *.

The ALJ ordered father's modified child support obligation effective April 1, 1996, the month of the contested administrative hearing. The use of the word "may" in section 518.64, subdivision 2(c), is defined as "permissive." Minn.Stat. § 645.44, subd. 15 (1996). Given this discretionary language, we decline to disturb the ALJ's refusal to order the support modification effective February 1, 1996.

## DECISION

When calculating father's net income for child support purposes, the ALJ abused her discretion by allowing father to deduct the actual medical expenses of his subsequent family under Minn.Stat. § 518.551, subd. 5(b)(vii).

**Affirmed in part and reversed and remanded in part.**