DR. ELLEN BOWMAN v. BROOKLYN PET HOSPITAL.

247 N. W. 2d 424.

November 19, 1976—No. 46322.

*Schieffer & Carson* and *William G. Clelland,* for appellant.
*Fred Albert,* for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Defendant appeals from a judgment entered pursuant to trial of two conciliation court appeals, and from the order denying its alternative motion to reopen the matter to take further testimony or for a new trial.

On January 30, 1975, plaintiff was awarded $502 in the Hennepin County Conciliation Court as accumulated vacation and sick leave benefits arising out of her employment as a veterinary doctor with defendant. On April 2, 1975, defendant was awarded $500 in the Anoka County Conciliation Court for recoupment of salary paid on the basis of an alleged fraudulent statement of hours worked by plaintiff.[1] Both matters were appealed and eventually consolidated for trial in the Hennepin County Municipal Court. After trial de novo the Municipal Court entered an order for judgment for plaintiff in the amount of $588. The order contained no findings of fact or conclusions of law regarding defendant's claim against plaintiff.

On appeal defendant argues that the court's award to plaintiff is with-

---

[1] Plaintiff argues for the first time on appeal that the Hennepin County Conciliation Court judgment was res judicata and barred the action in the Anoka County Conciliation Court. Having failed to raise res judicata in the pleadings in the second action, the defense was waived. Rule 8.03, Rules of Civil Procedure; Melbo v. Rinn, 280 Minn. 72, 157 N. W. 2d 842 (1968).

out evidentiary support and must be reversed, and that defendant's claim should be remanded for a new trial. On the basis of our review of the transcript and records, we find that the trial court's findings as to plaintiff's claim are not clearly erroneous and are therefore affirmed. Rule 52.01, Rules of Civil Procedure.

Rule 52.01, Rules of Civil Procedure, requires findings of facts and conclusions of law in actions tried upon the facts without a jury. We have held that in instances in which the record is reasonably clear and the facts are not seriously disputed, the judgment of the trial court can be upheld in the absence of findings pursuant to this rule. Kendall v. Kendall, 289 Minn. 494, 181 N. W. 2d 894 (1970).

Three exhibits prepared by Dr. William Dudley, D.V.M., acting as attorney pro se on behalf of defendant, were admitted into evidence in lieu of Dr. Dudley's testimony. These exhibits summarizing defendant's schedule books and showing work schedules, patient appointments, lunch hours, and other matters, have been lost and are not a part of the record on appeal. As there are no findings of fact to review and the record is no longer complete, we have no alternative but to remand the issue of defendant's claim for a new trial.

Affirmed in part, reversed in part and remanded.