**In re the Marriage of Hildegard R. MILLER, petitioner, Appellant,**

v.

**Charles L. MILLER, Respondent.**

No. C1–85–303.

Court of Appeals of Minnesota.

July 9, 1985.

Thomas L. Johnson, Hennepin County Atty., Jane Barnhadt Ranum, Asst. County Atty., Minneapolis, for appellant.

George G. Seltz, Mirviss, Seltz, Seltz & Rooney, P.A., Minneapolis, for respondent.

Heard, considered and decided by LANSING, P.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

LESLIE, Judge.

Hildegard Miller appeals from an order which granted her former husband's motion to forgive support arrearages. We reverse.

## FACTS

Hildegard and Charles Miller were married in 1964 and had one child. In 1972 Hildegard filed for divorce in Minnesota.

Prior to entry of the decree, Charles was transferred by his employer to North Carolina. Hildegard's request for divorce was subsequently granted, and judgment was entered in Minnesota dissolving the parties' marriage on June 25, 1973.

The Minnesota court set child support at $200 per month, to be reduced to $175 per month commencing on September 1, 1974. When Charles did not pay according to that order, Hildegard applied for child support enforcement assistance in Minnesota, and a URESA petition was sent to North Carolina. Pursuant to that action, in August 1974 a North Carolina court ordered Charles to pay support of $50 per month. The North Carolina order did not purport to modify the original Minnesota support order.

From September 1974 until May 1982 Charles paid the $50 per month ordered by the North Carolina court, but ceased those payments in June 1982. In November 1982 Hildegard sent a second URESA petition to Tennessee, where Charles had moved. The Tennessee court set child support at $125 per month. When Charles requested that his arrearages be forgiven, the Tennessee court ordered him to file his motion in Minnesota.

In May 1984 a Minnesota referee heard Charles' motion to reduce child support and to forgive arrearages. Charles' motion to reduce support was denied, but his motion for forgiveness of arrearages was granted.[1] The referee based its decision to forgive the arrearages upon equitable factors, including the fact that Charles had relied upon the North Carolina URESA order. The referee's order was approved by a family court judge. Hildegard has appealed the portion of the order forgiving Charles' arrearages.

## ISSUE

Did the court err when it considered the North Carolina URESA order and other equitable defenses as grounds for retroactive modification of the support order?

## ANALYSIS

Neither party contends, nor did the trial court hold, that the North Carolina URESA order actually modified the original Minnesota support order. Therefore, assuming the original support order remained effective, we must determine whether the Minnesota court properly forgave Charles' past arrearages based upon the fact that he had relied upon the North Carolina order. Because this basis for forgiveness is equitable, it will be analyzed in conjunction with the trial court's discussion of other equitable reasons to forgive Charles' arrearages.

The referee appears to have relied solely upon equitable considerations when arriving at its decision to forgive arrearages. In its findings the referee stated:

The respondent, until June of 1982, faithfully complied with the North Carolina Reciprocal Enforcement of Support order. Throughout this whole period of time the Petitioner brought no enforcement actions for any delinquent arrears. He was justified in relying on this inaction in believing that his support obli-

---

**1.** The court did not forgive payments due from the period between June 1982 and September 1983, when Charles had failed to pay any support whatsoever, based upon a claim that he had been denied visitation rights. *See* Minn. Stat. § 518.612 (1982); *State of Wisconsin ex rel. Southwell v. Chamberland*, 361 N.W.2d 814, 817 (Minn.1985).

gation was, in fact, the $50 ordered, which he was faithfully complying with. The Court must exercise its broad discretion in excusing arrears herein, by virtue of the lack of diligence found in Petitioner's attempts to assert her right to payment, the extent to which her inaction caused Respondent to assume his present obligations and the extent to which Petitioner supported the child involved during this whole period of time. See further principles set forth in *Zieman v. Zieman,* 265 Minn. 190; 121 N.W.2d 77. Also, equitable principles would require the excusing of any arrears which would have accrued during this period of time when Respondent was complying with the then existing court order, as he understood it. See *DeLaRosa v. DeLaRosa,* 309 N.W.2d 755 (1981).

The *Zieman* and *DeLaRosa* decisions, upon which the referee relied, are distinguishable. *DeLaRosa* did not involve a motion to forgive arrearages, but indicated only that a court may look to equity in an original action for dissolution. *Zieman* did not involve a request for forgiveness of arrearages under the present statute but, rather, involved a motion for contempt.

Equitable defenses have generally been held inapplicable to post-decree motions to forgive arrearages. In *Jacobson v. Jacobson,* 363 N.W.2d 342 (Minn.Ct.App.1985) this court indicated:

> The Minnesota Supreme Court has specifically stated that "equitable defenses are not available in an action based on accrued payments due under [a] decree of divorce." *Ryan v. Ryan,* 300 Minn. 244, 251 n. 2, 219 N.W.2d 912, 916 n. 2 (1974) (citing *Richter v. Richter,* 126 N.W.2d 634 (N.D.1964)). Although *Ryan* involved accrued alimony payments, the rule is even more appropriate in an action for accrued child support arrearages because the child's right to support must be protected. *See Paterson v. Paterson,* 73 Wis.2d 150, 242 N.W.2d 907 (1976).

*Id.* at 346. In *Vitalis v. Vitalis,* 363 N.W.2d 57 (Minn.Ct.App.1985) and *Benedict v. Benedict,* 361 N.W.2d 429 (Minn.Ct. App.1985) we also expressed the rule that equitable defenses are not applicable where a party is moving to enforce past support arrearages.

In this case, Charles argues that the equitable considerations support the court's determination that his non-payment was not willful. The present statute governing retroactive modification of support states:

> The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any. *A modification which decreases support or maintenance may be made retroactive only upon a showing that any failure to pay in accord with the terms of the original order was not willful.*

Minn.Stat. § 518.64, subd. 2 (1984) (emphasis supplied). However, even if the court properly found that Charles' non-payment was not willful based upon equitable considerations, the remainder of the above statute must be examined. Regarding the first portion of the statute, the trial court stated:

> [T]he conditions under which the terms of a decree may be modified in regard to support which are set forth in the first sentence of Subd. 2, M.S.A. § 518.64, relate to prospective modification only. Retroactive modification is governed solely by equitable principles which were accorded due deference by the Referee below.

■ Two prior decisions of this court indicate that the trial court's conclusion was erroneous, and that when determining

whether retroactive modification is appropriate a court must consider whether there has been a change in circumstances under the first portion of the statute. In *Arora v. Arora*, 351 N.W.2d 668 (Minn.Ct.App.1984) our court stated:

> Retroactive modification of this child support order is governed by Minn.Stat. 518.64, subd. 2 (1982). It provides that child support may be modified if the earnings of a party have substantially increased or decreased and if the increase or decrease makes the terms of the decree unreasonable and unfair. Subdivision 2 further provides that a retroactive decrease in child support may only be made upon a showing that any failure to pay child support according to the original terms was not willful.

*Id.* at 670. *Bledsoe v. Bledsoe*, 344 N.W.2d 892 (Minn.Ct.App.1984), which also concerned a request for forgiveness of arrearages, also indicated:

> The moving party * * * must show 1) a substantial change in circumstances, and 2) that none of his past failures to pay were willful.

*Id.* at 895.

The court in this instance did not determine that the parties' changed circumstances rendered the terms of the decree unreasonable and unfair, warranting forgiveness of Charles' arrearages, nor would the record support such conclusion. Rather, the court relied solely upon the equitable considerations discussed above. We therefore find that the forgiveness of arrearages was erroneous and that the decision of the court must be reversed.

## DECISION

The trial court erroneously based its decision to forgive child support arrearages based upon equitable considerations, rather than upon changed circumstances rendering the terms of the original decree unreasonable and unfair.

Reversed.