In re the Marriage of Susan Marie THOMPSON, aka Susan Marie Messick, Petitioner, Respondent,

v.

Paul David THOMPSON, Appellant.

No. C5–86–315.

Court of Appeals of Minnesota.

Aug. 26, 1986.

Michael A. Chmiel, Asst. Anoka Co. Atty., Anoka, for respondent.

William H. Godbout, Jr., Roseville, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Paul Thompson appeals from an order retroactively modifying child support and from a judgment for arrears. We reverse and remand.

## FACTS

The parties were married in 1965 and divorced in 1977. At the time of the divorce, appellant earned $1,000 net monthly and respondent, Susan Messick (formerly Thompson), earned $489 net monthly. Respondent was granted custody of the three children, born in 1966, 1971, and 1972. The oldest child is now emancipated. Child support was originally set at $350 per month.

Appellant was unemployed at the time of the modification hearing, and had been since March, 1985. He received a $25,000 lump sum settlement of his pension rights after he left his job in March, 1985. Appellant's second wife was also unemployed at the time of the hearing. The parties agree that respondent now earns $1,667 gross monthly. Respondent's second husband's annual gross is approximately $35,500.

Appellant had not paid any support since March, 1985. On October 1, 1985, appellant moved for a modification and reduction in child support and for an order forgiving all arrearages accrued before the date of the hearing. Respondent countermoved for a judgment for support arrearages.

The trial court found that if the $25,000 lump sum settlement were dispersed over two years, appellant would reasonably be able to pay $300 per month for child support. Accordingly, the trial court reduced appellant's support payments to $300 per month, retroactive to March, 1985, and ordered that this amount continue through May, 1987. However, the court found that if appellant becomes self-employed before May, 1987, he is to pay child support "pursuant to § 518.551, subd. 5," but in no event less than $300 per month through May 1987. The trial court awarded respondent judgment for $2,400 for arrearages.

The parties presented no evidence on the children's needs or on either party's living expenses, and the court made no findings on these matters. The court did not make a specific finding that there had been a substantial change in circumstances and made no finding that the original support terms were unreasonable and unfair.

## ISSUE

Did the trial court err in modifying child support?

## ANALYSIS

■ This court will reverse for an abuse of discretion only where it finds a "clearly erroneous conclusion that is against logic and the facts on record." *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986) (quoting *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984)). We reverse and remand for further findings. We hold the record and

the findings are insufficient to support the trial court's decision. *Id.*

Appellant claims the issue is whether the trial court erred in considering the lump sum pension payment as "income" available for payment of child support. On remand, the trial court should determine whether the lump sum payment is "a financial resource available for child support." Minn.Stat. 518.54, subd. 6 (1984); *see Tell v. Tell,* 383 N.W.2d 678, 686 (Minn.1986).

The real issue the trial court must address on remand is the financial needs of the parties, the needs of the children, and the financial resources available to the parties for the payment of support. Minn. Stat. § 518.17, subd. 4 (1984); *Moylan.* Apellant argues that the trial court did not consider the needs of the children and the extent to which respondent is able to meet those needs. No findings were made concerning the children's needs or either party's living expenses. Nor was any evidence presented to the court relevant to these matters. These findings are required under *Moylan,* 384 N.W.2d at 863, to ensure that the court considers all relevant factors in setting child support. *See also Erickson v. Erickson,* 385 N.W.2d 301, 303 (Minn.1986) ("We cannot stress enough the importance of having findings of fact that demonstrate the trial court actually did take all relevant factors into consideration").

On remand, the court should make the findings required by *Moylan* and determine whether the $25,000 lump sum settlement is "a financial resource available for child support" under the statute. The court must then redetermine whether appellant's failure to pay child support was willful. If the court finds appellant's failure to pay was willful, he is not entitled to a retroactive modification under Minn. Stat. § 518.64, subd. 2. If the court finds failure to pay was not willful, it must consider changed circumstances and whether the existence of changed circumstances render the terms of the decree unreasonable and unfair. Minn. Stat. § 518.64, subd. 2

(1984); *see Miller v. Miller,* 370 N.W.2d 481, 484 (Minn.Ct.App.1985).

## DECISION

The trial court erred in modifying child support. We remand for explicit findings on the essential factors pursuant to *Moylan v. Moylan,* 384 N.W.2d 859 (Minn. 1986).

Reversed and remanded.