**In Re the Marriage of Lois V. STICH, Respondent,**

v.

**Godfrey N. STICH, Petitioner, Appellant.**

**No. C8–87–2506.**

Supreme Court of Minnesota.

Jan. 31, 1989.

Kevin L. Holden, St. Cloud, for appellant.

Vicki E. Landwehr, St. Cloud, for respondent.

AMDAHL, Chief Justice.

Godfrey N. Stich obtained further review of an unpublished decision of the court of appeals affirming the trial court's award of $200 per month as permanent spousal maintenance and $500 as attorney fees to Lois Stich.

We have stated on numerous occasions that the standard of review on appeal from a trial court's determination of maintenance is whether that court abused the broad discretion accorded it. *E.g., Erlandson v. Erlandson,* 318 N.W.2d 36, 38 (Minn.1982). Effective appellate review of the exercise of that discretion is possible only when the trial court has issued sufficiently detailed findings of fact to demonstrate its consideration of all factors relevant to an award of permanent spousal maintenance.

While the court of appeals acknowledged that the findings could have been more complete, it nevertheless concluded that those findings were not clearly erroneous and that the statutory requirements were considered. We disagree. The trial court did make findings with regard to the parties' income, but made no findings as to their separate expenses. Moreover, it made no specific finding with regard to Godfrey's financial ability to provide maintenance. As these findings are insufficient to enable an appellate court to determine whether the trial court properly considered the requirements of Minn.Stat. § 518.552 (1986), the matter is remanded to the trial court for additional findings in accordance with this decision. On remand, the trial court is authorized to conduct any necessary evidentiary hearing. Similarly, the trial court shall reconsider its award of attorney fees upon completion of the proceedings on remand.

Reversed and remanded to the trial court for further proceedings.