**In re the Matter of Joyce E. DOUGHERTY, Petitioner, Respondent,**

v.

**Thomas E. DOUGHERTY, Appellant.**

No. C0–89–320.

Court of Appeals of Minnesota.

July 25, 1989.

John A. Warchol, Warchol, Berndt & Hajek, P.A., Minneapolis, for respondent.

Daniel J. Goldberg, Moss & Barnett, Minneapolis, for appellant.

Heard, considered and decided by FOLEY, P.J., and HUSPENI and SHORT, JJ.

## OPINION

HUSPENI, Judge.

The trial court affirmed the family court referee's order increasing spousal mainte-

nance. Thomas Dougherty appealed and Joyce Dougherty filed a notice of review. We reverse and remand.

## FACTS

Respondent Joyce Dougherty and appellant Thomas Dougherty's marriage was dissolved in 1972. The dissolution decree adopted the provisions of the parties' written stipulation and obligated appellant to pay $1,000 per month in spousal maintenance, $790 per month in child support, and $50,000 in property settlement. In addition, respondent was awarded the family's homestead and appellant was awarded his interest in the law firm where he practices.

In June 1988, respondent moved the trial court for an increase in spousal maintenance to $2,000 per month and for an award of attorney fees. A family court referee's recommendation that the spousal maintenance obligation be increased to $1,650 per month was affirmed by the trial court.

Appellant claims the trial court abused its discretion in increasing the spousal maintenance obligation. Respondent's notice of review contends the court erred in denying her an award of attorney fees.

## ISSUES

1. Did the trial court abuse its discretion by increasing appellant's spousal maintenance obligation from $1,000 to $1,650 per month?

2. Did the trial court abuse its discretion in denying respondent attorney fees and is respondent entitled to attorney fees on appeal?

## ANALYSIS

A trial court's final order affirming a referee's order is appealable. *Coady v. Jurek*, 366 N.W.2d 715, 717 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. June 27, 1985).

### I.

On appeal from a trial court's determination of maintenance, the standard of review is whether that court abused its broad discretion. *Stich v. Stich*, 435 N.W.2d 52, 53 (Minn.1989). Although a trial court should exercise its discretion to modify maintenance cautiously in cases where the parties have stipulated in regard to that issue, we recognize that, nonetheless, the trial court does retain authority to determine whether changed circumstances warrant revision. *See Claybaugh v. Claybaugh*, 312 N.W.2d 447, 449 (Minn. 1981). However, an appellate court will reverse when it is unable to determine from the findings whether the statutory requirements were properly considered.[1] *Stich*, 435 N.W.2d at 53.

A trial court may modify the terms of a maintenance decree upon a showing of one or more of the following:

(1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost of living for either party as measured by the Federal Bureau of Statistics, any of which makes the terms unreasonable and unfair.

Minn.Stat. § 518.64, subd. 2 (1988). If modification is warranted, the basic issue becomes balancing the needs of the spouse receiving maintenance against the financial conditions of the spouse providing maintenance. *Erlandson v. Erlandson*, 318 N.W.2d 36, 39–40 (Minn.1982). In doing so, "the trial court shall apply, in addition to all other relevant factors, the statutory factors for an award of maintenance that exist at the time of the motion." Minn. Stat. § 518.64, subd. 2. Moreover, a trial court's order "shall contain particularized findings of fact sufficient to support the

---

1. In several of its "findings" the trial court merely recites the parties "arguments," "claims," "lists" and "indications." While these observations may be helpful in understanding the parties' contentions, the findings must be affirmatively stated as true findings of the trial court.

*Dean v. Pelton*, 437 N.W.2d 762, 764 (Minn.Ct. App.1989) (citing *Daily v. Daily*, 433 N.W.2d 152, 155 (Minn.Ct.App.1988) (Huspeni, J. concurring in part and dissenting in part) and *Quaderer v. Forrest*, 387 N.W.2d 453, 457 (Minn.Ct.App. 1986)).

determination of * * * maintenance." Minn.R.Fam.Ct.P. 7.05.

1. The trial court found appellant's 1972 gross income to be $83,620 and his 1988 salary to be $90,000. The court additionally found appellant's average income for the last five years to be $135,000. It made no specific finding on how "gross income" in 1972 related to "salary" sixteen years later, nor did it make any finding on whether appellant had experienced a substantial increase in earnings which rendered the original maintenance award unreasonable and unfair. Without these necessary findings, appellate review of the statutory requirements of Minn.Stat. § 518.64, subd. 2 cannot be made. *See Stich,* 435 N.W.2d at 53.

■ We also note that the trial court's finding that appellant has more "monies available" to him now as compared to 1972 due to the cessation of his child support obligations was inappropriate. *See* Minn. Stat. § 518.64, subd. 2 (maintenance may be modified upon a showing of substantially increased *earnings* of a party).

■ 2. The trial court found that respondent's monthly living expenses had increased and that she had been forced to invade her property settlement to meet those increased expenses. It is established law that spouses are not required to invade the principal of their property settlement to meet their monthly needs. *Fink v. Fink,* 366 N.W.2d 340, 342 (Minn.Ct.App.1985). However, because the trial court made no finding on whether these changed circumstances were substantial and rendered the original maintenance award unreasonable and unfair, we cannot conduct effective appellate review. *See Stich,* 435 N.W.2d at 53.

3. The trial court determined that there has been a 62% increase in the cost of living since the parties' dissolution and found that increase to be substantial.

Inflation is merely a factor that can be examined along with other factors in modification cases. The fact that inflation rises does not necessarily lead to a correlating increase in salary and, thus, ability to pay

an increased obligation. *Martin v. Martin,* 382 N.W.2d 920, 922 (Minn.Ct.App.1986).

■ Again, the trial court failed to make a finding on whether the change in the cost of living was a factor rendering the original decree's provisions unreasonable and unfair, and is instructed to do so on remand.

## II.

The courts must consider the financial resources of both parties and award reasonable [attorney] fees if one party will otherwise be unable to contest the proceeding.

*Roehrdanz v. Roehrdanz,* 438 N.W.2d 687, 691 (Minn.Ct.App.1989), *pet. for rev. denied* (Minn. June 21, 1989). The record reveals that respondent had the financial resources to bring this action and to contest it on appeal. Accordingly, no error was committed by the trial court, and no award of attorney fees is warranted on appeal.

## DECISION

Reversed and remanded for further proceedings consistent with this opinion.

FOLEY, Judge (concurring specially).

I concur in the result that a remand for findings under both *Moylan v. Moylan,* 384 N.W.2d 859 (Minn.1986), and *Stich v. Stich,* 435 N.W.2d 52 (Minn.1989), is essential for proper appellate review. However, I have determined to elaborate in this special concurring opinion on what I perceive the holdings of *Moylan* and *Stich* to mean with respect to the language to be used by the trial court before it can be held that a decree be modified by post-decree motion.

In *Moylan,* Chief Justice Amdahl, writing for the supreme court, said:

The record in this case is unclear as to the findings and reasoning of the trial court. Its modification order states only that Gerald experienced a substantial increase in income, one of the factors required under Minn.Stat. § 518.64, subd. 2. *However, there is no mention in that order that this increase in income*

*renders the original child support order unreasonable and unfair, as required under the modification statute.*

*Id.* at 864 (emphasis supplied). In reversing the court of appeals, the supreme court said:

> While the record may support a trial court's decision, it is nevertheless inadequate if that record fails to reveal that the trial court actually considered the appropriate factors. While we would agree that there are occasions where an appellate court can find support for a trial court's decision by an independent review of the record, *see Bowman v. Brooklyn Pet Hospital,* 311 Minn. 526, 247 N.W.2d 424 (1976), such action is improper where, as here, it is unclear whether the trial court considered factors expressly mandated by the legislature.

*Id.* at 865.

In a later case, Chief Justice Amdahl, again writing the opinion for the court, said:

> The trial court's findings merely state that Lawrence's gross income has "more than doubled during a five-year period since the dissolution and is a significant change in circumstances entitling the minor children to increased support." Although Minn.Stat. § 518.64, subd. 2(1) (Supp.1985), lists "substantially increased or decreased earnings of a party" as one of the factors on which a modification may be based, the trial court made no finding that Lawrence's increased income makes the terms of the original decree "unreasonable and unfair" as required by the statute.

*Erickson v. Erickson,* 385 N.W.2d 301, 303 (Minn.1986). Reaffirming *Moylan,* the supreme court said:

> We cannot stress enough the importance of having findings of fact that demonstrate the trial court actually did take all relevant factors into consideration.

*Erickson,* 385 N.W.2d at 303.

These statements by the supreme court mandate that the "magic words" required under Minn.Stat. § 518.64, subd. 2, "unreasonable and unfair" referring to the terms of the decree, must be used when detailing the statutory factors. To reiterate, in *Moylan,* the supreme court stated:

> However, there is no mention in that order that this increase in income renders the original child support order unreasonable and unfair, as required under the modification statute.

*Moylan,* 384 N.W.2d at 864.

Our decision in *Merrick v. Merrick,* 440 N.W.2d 142 (Minn.Ct.App.1989), is consistent with *Moylan,* as well as with *Stich.* In *Thompson v. Thompson,* 392 N.W.2d 661 (Minn.Ct.App.1986), this court held:

> If the court finds failure to pay was not willful, it must consider changed circumstances and whether the existence of changed circumstances render the terms of the decree unreasonable and unfair.

*Id.* at 663. In *Miller v. Miller,* 370 N.W.2d 481 (Minn.Ct.App.1985), this court held:

> The court in this instance did not determine that the parties' changed circumstances rendered the terms of the decree unreasonable and unfair, warranting forgiveness of Charles' arrearages * * *.

*Id.* at 484.

Applying the *Moylan* standard to this case, it is clear that the factors clearly mandated by Minn.Stat. § 518.64, subd. 2 are not contained in the findings, and that the case must be remanded. The findings are inadequate because they fail to reveal "that the trial court actually considered the appropriate factors." *Moylan,* 384 N.W.2d at 865.