*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1995**

Hope Amundsen,
Respondent,

vs.

Great Glory Auto, Inc.,
Appellant,

Kehnny Alabi, et al., Defendants.

**Filed May 23, 2016
Remanded
Smith, Tracy, Judge**

Ramsey County District Court
File No. 62-CV-14-8184

Steven T. Appelget, Appelget Law Office, St. Paul, Minnesota (for respondent)

Mark K. Thompson, MKT Law PLC, Minneapolis, Minnesota; and Ayodele M. Ojo,
Ayodele M. Ojo and Associates, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Ross, Judge; and Smith,

Tracy, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SMITH, TRACY**, Judge

Appellant Great Glory Auto, Inc. appeals the district court's denial of its motion

for relief from default judgment under Minnesota Rule of Civil Procedure 60.02.

Because the district court did not address Great Glory's argument under rule 60.02(a) and the record is insufficient to review for an abuse of discretion, we remand.

## FACTS

In her complaint against Great Glory, respondent Hope Amundsen alleged as follows. Amundsen saw an advertisement for a used vehicle and contacted "Amin," the supposed seller. After exchanging messages with the seller and seeing the vehicle, Amundsen entered into a written purchase contract, which listed Kehnny Alabi as the seller. Amundsen also received a dealer-reassignment form, indicating that Great Glory owned the vehicle. Later, Amundsen learned that the title to her vehicle had been issued to Great Glory and that the title was branded "prior salvage."

Amundsen sued Great Glory, Alabi, and an individual named Amin Lot Fallu, alleging claims for failing to disclose the vehicle's salvage-title history and common-law fraud.[1] Amundsen did not name Great Glory's owner, Ifechide Adigwe, in the complaint. Amundsen alleged that Alabi and Fallu were Great Glory's agents and that they misrepresented the vehicle's salvage-title history.

After a process server unsuccessfully attempted to serve Great Glory at its corporate office, Amundsen used substitute service to serve Great Glory via certified mail through the Minnesota Secretary of State. *See* Minn. Stat. § 5.25, subd. 1 (2014). Great Glory failed to answer, so Amundsen moved for default judgment. The district court granted Amundsen's motion, dismissed Amundsen's claims against the individual defendants, and docketed the judgment.

---

[1] Amundsen's complaint alleges that Fallu and Alabi may be the same person.

2

Great Glory, through its owner, moved to vacate the default judgment under Minnesota Rule of Civil Procedure 60.02(a) and (c). Amundsen responded on the merits of the motion and also argued that Great Glory's motion should be dismissed because Great Glory, a Minnesota corporation, was not represented by a licensed attorney. Great Glory retained counsel who submitted an amended motion and memorandum, again seeking relief under rule 60.02(a) and (c).

The district court denied Great Glory's motion to vacate. The district court summarily determined that rule 60.02(a) did not apply because Great Glory's arguments about Amundsen's failure to effect proper service raised an issue only under rule 60.02(c), which provides for relief in the case of "[f]raud . . . , misrepresentation, or other misconduct of an adverse party." The district court denied relief under rule 60.02(c) because Amundsen attempted to serve Great Glory at its registered office and only then attempted substitute service through the secretary of state.

Great Glory appeals.

## DECISION

Great Glory challenges the district court's denial of its motion for relief from default judgment under Minn. R. Civ. P. 60.02(a). Generally, a district court has broad discretion to grant or deny relief from judgment under rule 60.02. *Northland Temps., Inc. v. Turpin*, 744 N.W.2d 398, 402 (Minn. App. 2008), *review denied* (Minn. Apr. 29, 2008). A district court's decision to vacate judgment under rule 60.02 "will not be reversed absent an abuse of that discretion." *Meyer v. Best W. Seville Plaza Hotel*, 562 N.W.2d 690, 694 (Minn. App. 1997), *review denied* (Minn. June 26, 1997).

3

A party may obtain relief from a final judgment on the basis of "[m]istake, inadvertence, surprise, or excusable neglect." Minn. R. Civ. P. 60.02(a). A party's ability to obtain relief under rule 60.02 is determined by applying a four-factor test. *Northland Temps.*, 744 N.W.2d at 402. The test requires consideration of whether the moving party has "(1) a reasonable defense on the merits; (2) a reasonable excuse for the failure or neglect to answer; (3) acted diligently after notice of entry of the judgment; and (4) demonstrated that no prejudice will occur to the judgment creditor." *Id.* "Default judgments are to be liberally reopened to promote resolution of cases on the merits." *Imperial Premium Fin., Inc. v. GK Cab Co.*, 603 N.W.2d 853, 857 (Minn. App. 2000) (quotation omitted).

Great Glory and Amundsen dispute Great Glory's right to relief under rule 60.02(a). But the district court conducted no analysis of the rule 60.02 factors. Generally, we do not address matters not considered and decided by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). Moreover, when, as here, the district court has broad discretion, Minnesota appellate courts have demanded a well-developed record for review. *See In re Amitad, Inc.*, 397 N.W.2d 594, 596 (Minn. App. 1986) ("Where the [district] court has broad discretion, the Minnesota Supreme Court has demonstrated persistence in demanding findings to explain the [district] court's exercise of discretion."); *see also Stich v. Stich*, 435 N.W.2d 52, 53 (Minn. 1989) (remanding for further findings because "[e]ffective appellate review . . . is possible only when the [district] court has issued sufficiently detailed findings of fact to demonstrate its consideration of all factors").

4

The district court concluded that rule 60.02(a) did not apply because Great Glory's assertion of "abuse of process and a fraud upon the court" only implicated rule 60.02 (c). Great Glory's original motion to vacate and its amended motion, however, explicitly requested relief under rule 60.02(a) and addressed all four rule 60.02 factors. The only mention of Amundsen's service methods was in Great Glory's discussion of its reasonable excuse for failing to answer. The district court's failure to make findings on Great Glory's request for relief under rule 60.02(a) left a record that is insufficient for us to conduct "[e]ffective appellate review." *See Stich*, 435 N.W.2d at 53. Consequently, we remand for the district court to consider and make findings on Great Glory's rule 60.02(a) motion and to determine whether relief from judgment is warranted.

**Remanded.**