*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0396**

In re the Marriage of: Christopher Hutchenson Owen, petitioner,
Appellant,

vs.

Angela Dawn Owen,
Respondent.

**Filed November 21, 2016
Affirmed in part, reversed in part, and remanded
Hooten, Judge**

St. Louis County District Court
File No. 69DU-FA-14-676

Bill L. Thompson, Law Office of Bill L. Thompson, Duluth, Minnesota (for appellant)

Angela Owen, Duluth, Minnesota (pro se respondent)

Considered and decided by Worke, Presiding Judge; Peterson, Judge; and Hooten, Judge.

**UNPUBLISHED OPINION**

**HOOTEN**, Judge

In this marital dissolution dispute, appellant husband argues that the district court abused its discretion by inequitably dividing the marital debts and assets, awarding respondent wife temporary spousal maintenance, and failing to recalculate child support after awarding respondent spousal maintenance. Because the district court acted within its

discretion in distributing the marital debts and assets, we affirm in part. However, because the district court made insufficient findings regarding spousal maintenance, we reverse and remand the spousal maintenance award.

## FACTS

Appellant Christopher Hutchenson Owen and respondent Angela Dawn Owen married in 2006. During their marriage, the parties had two children, both of whom were minors at the time of dissolution. In July 2014, appellant petitioned for dissolution of the parties' marriage. In June 2015, a child support hearing was held before a child support magistrate (CSM), and the CSM filed an order addressing the issues of child support, daycare reimbursement, and medical support. On July 2, 2015, the district court held a dissolution trial on the marital property division and spousal maintenance. The district court filed partial findings of fact, conclusions of law, order for judgment, and judgment and decree, which determined custody and parenting time in accordance with the parties' agreement. The district court subsequently filed a second partial findings of fact, conclusions of law, order for judgment, and judgment and decree, which resolved the disputed issues that were addressed at trial, namely, the marital property division and spousal maintenance.

Appellant moved to amend the second partial judgment and decree or, in the alternative, for a new trial, challenging the district court's division of the marital property, award of spousal maintenance, and failure to recalculate child support after awarding respondent temporary spousal maintenance. The district court denied appellant's motion. This appeal followed.

2

## DECISION

### I.

Appellant challenges the district court's division of the marital debt and marital property. Upon dissolution, "the [district] court shall make a just and equitable division of the marital property of the parties." Minn. Stat. § 518.58, subd. 1 (2014). When dividing property, the district court "shall" consider many factors, including the age, health, occupation, income, employability, liabilities, and needs of each party and the length of the marriage. *Id.*

"District courts have broad discretion over the division of marital property and appellate courts will not alter a district court's property division absent a clear abuse of discretion or an erroneous application of the law." *Sirek v. Sirek*, 693 N.W.2d 896, 898 (Minn. App. 2005). This court gives deference to the district court's findings of fact and will not set them aside unless they are clearly erroneous. *Id.* In dividing marital debts, the district court follows the same principles as it follows when dividing marital property. *Dahlberg v. Dahlberg*, 358 N.W.2d 76, 80 (Minn. App. 1984).

Appellant argues that the district court abused its discretion in dividing the parties' student loan debts and tax refund and in ordering that the parties refile one of their tax returns. The district court found that respondent incurred $32,354.62 in student loans during the parties' marriage. Regarding appellant's student loans, the district court noted that the only information it had received was appellant's testimony that he believed the amount remaining on his student loans was $6,000 or $7,000. In making its decision regarding the division of the parties' marital debt, the district court noted that it found

3

credible respondent's testimony that the grants she received were sufficient to cover her tuition and books, but she took out student loans to pay living expenses for the entire family. The district court found that appellant "clearly benefited from the use of [r]espondent's student loans." In contrast, the district court noted respondent's testimony that none of appellant's student loans were used for family living expenses. The district court ordered that appellant and respondent each be responsible for half, or $16,176.31, of respondent's student loan debt.[1] The district court did not order that respondent be responsible for any portion of appellant's student loan debt.

The parties filed their 2013 tax returns jointly and received a federal tax refund of approximately $6,800. Appellant testified that the state retained a portion of the federal refund and the net amount of the refund was approximately $4,500. The district court found that appellant used the tax refund received by the parties to pay some of the costs of opening his business and that respondent received no portion of the 2013 tax refund. Although the parties were still married, appellant filed his 2014 tax return as married, filing separately, claiming both of the parties' children as dependents. The district court did not award respondent any portion of appellant's business, but ordered that appellant reimburse respondent $1,000 from the 2013 tax refund. Additionally, the district court ordered that the parties refile their 2014 tax returns with each party claiming one child as a dependent,

---

[1] The district court made a minor clerical error in ordering that each party be responsible for $16,176.31 of respondent's student loan debt. Half of $32,354.62 is $16,177.31, not $16,176.31. The district court is free to correct this mistake on remand. *See* Minn. R. Civ. P. 60.01 (permitting district court to correct clerical mistakes in judgments and orders)

4

explaining that the recalculated tax return was intended to compensate respondent for certain personal property retained by appellant.

Given the district court's broad discretion over the division of marital debt and property, we cannot say that the district court's property division was a clear abuse of discretion. The district court's order reflects that it took into account the parties' income, needs, employability, and contribution to the acquisition of marital assets, as well as the assets retained by appellant, in making its property division decision. Additionally, the district court found, and took into account, that appellant "drastically increased his earning capacity by starting his own business" shortly before serving respondent with the petition for dissolution. Under these circumstances, we cannot say that the district court clearly abused its discretion in dividing the parties' marital debts and assets.

**II.**

Appellant argues that the district court abused its discretion by awarding respondent temporary spousal maintenance. In awarding spousal maintenance, the district court must consider all relevant factors, including the financial resources of the party seeking maintenance, the time necessary for the requesting party to acquire sufficient education to become self-supporting, the contribution of both parties to the preservation of marital property, and the ability of the spouse from whom maintenance is sought to meet needs while meeting those of the requesting spouse. Minn. Stat. § 518.552, subd. 2 (2014). "In essence, the district court balances the recipient's needs against the obligor's ability to pay." *Maiers v. Maiers*, 775 N.W.2d 666, 668 (Minn. App. 2009). "[T]he district court is not required to make specific findings on every statutory factor if the findings that were

made reflect that the district court adequately considered the relevant statutory factors." *Peterka v. Peterka*, 675 N.W.2d 353, 360 (Minn. App. 2004). We review a district court's determination of the proper amount and duration of a spousal maintenance award for an abuse of discretion. *Id.*

At trial, appellant's attorney stated that "the [district] court is well aware that . . . the financial issues concerning the parties were addressed by [the CSM]. The parties have agreed to use that information." The CSM found that appellant's gross monthly income was $1,909. The CSM imputed income to respondent and determined that her gross monthly potential income was $1,732. The CSM found that respondent's monthly living expenses were $1,200. The CSM found that appellant's monthly living expenses were $2,200 "for him and the parties' joint children, when in his household."

While the district court adopted the CSM's gross income figures, it determined that respondent's reasonable monthly expenses were $1,791, despite the CSM's finding that respondent's monthly living expenses were $1,200. The district court made no finding regarding appellant's reasonable monthly living expenses. Additionally, the district court made no findings regarding either of the parties' net incomes.

Despite the lack of findings as to appellant's monthly expenses, the district court found that appellant had sufficient income to meet his monthly expenses, stating that "[h]e drastically increased his earning capacity by starting his own business shortly before he served [r]espondent with the [dissolution petition.]" The district court then concluded that appellant had the ability to meet his own needs while providing a modest amount of

6

temporary spousal maintenance to respondent and ordered that appellant pay respondent $300 a month for 18 months as temporary spousal maintenance.

Appellant argues that the district court abused its discretion in awarding spousal maintenance to respondent. Conducting effective appellate review of a district court's exercise of its discretion in awarding spousal maintenance "is possible only when the [district] court has issued sufficiently detailed findings of fact to demonstrate its consideration of all factors relevant to an award of permanent spousal maintenance." *Stich v. Stich*, 435 N.W.2d 52, 53 (Minn. 1989). While Minn. Stat. § 518.552, subd. 2, provides factors to be considered in setting the amount and duration of a spousal maintenance award, no one factor is dispositive and the issue is essentially the obligee's need balanced against the obligor's financial condition. *Erlandson v. Erlandson*, 318 N.W.2d 36, 39–40 (Minn. 1982). Without findings as to the expenses of the parties, a reviewing court is unable to evaluate a maintenance award. *Cummings v. Cummings*, 376 N.W.2d 726, 731 (Minn. App. 1985). "Remand for additional findings is appropriate when the district court fails to make adequate findings." *Hemmingsen v. Hemmingsen*, 767 N.W.2d 711, 718 (Minn. App. 2009), *review granted* (Minn. Sept. 29, 2009) *and appeal dismissed* (Minn. Feb. 1, 2010).

Appellant contends that the district court therefore abused its discretion in awarding respondent temporary spousal maintenance because it failed to make findings regarding his monthly living expenses. Because the district court did not explicitly make any findings regarding appellant's monthly expenses, the issue becomes whether the parties stipulated to the CSM's finding of appellant's monthly expenses.

The parties' stipulation regarding the use of the CSM's findings seems broad enough to encompass not only the CSM's findings as to the parties' incomes, but also the CSM's findings as to the parties' monthly living expenses. The district court, however, treated the stipulation as applying only to the parties' income, not to the parties' monthly living expenses, as the district court found that respondent's reasonable monthly living expenses were $1,791, while the CSM determined that her monthly living expenses were $1,200. Additionally, in its order denying appellant's motion for amended findings or a new trial, the district court stated that "[t]he parties stipulated to using the incomes attributed to each of them in the child support order." Due to the fact that the district court treated the parties' stipulation as applying only to the CSM's findings regarding the parties' income, we cannot treat the CSM's finding regarding appellant's monthly expenses as the district court's implied finding of appellant's expenses. And, because the district court failed to make a finding as to appellant's monthly expenses, we are unable to evaluate appellant's ability to pay a spousal maintenance award. *See Stich*, 435 N.W.2d at 53 (remanding maintenance award where district court made findings regarding parties' income but failed to make findings as to their expenses or obligor's ability to provide maintenance); *Cummings*, 376 N.W.2d at 731 (stating that without findings as to parties' expenses "it is impossible to review whether [the spousal maintenance recipient] meets the standards set forth in [section 518.552]").

Additionally, we are unable to review the district court's spousal maintenance award because the district court failed to make findings regarding the parties' net incomes. In determining whether a spouse has the ability to pay spousal maintenance, "the [district]

8

court must make a determination of the payor spouse's net or take-home pay." *Kostelnik v. Kostelnik*, 367 N.W.2d 665, 670 (Minn. App. 1985), *review denied* (Minn. July 26, 1985). The CSM made no findings as to the parties' net incomes, and the district court failed to make any such findings. Taking into account appellant's income tax liability could significantly affect the amount of his income available for maintenance purposes. As a result of the district court's failure to make these findings, we are unable to determine whether appellant has the ability to pay a spousal maintenance award.

Because the district court failed to make findings as to appellant's monthly expenses or the parties' net incomes, we reverse the district court's spousal maintenance award and remand for additional findings. We leave to the discretion of the district court the decision of whether to reopen the record on remand. Because we are reversing and remanding the spousal maintenance award, we need not address appellant's argument regarding whether the district court abused its discretion in failing to recalculate child support after awarding respondent temporary spousal maintenance.

**Affirmed in part, reversed in part, and remanded.**